**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

JESSICA LEVING SIEGEL, individually and
on behalf of all others similarly situated,

*Plaintiff,*

*v.*

ZOOMINFO TECHNOLOGIES, LLC, a
Delaware limited liability company,

*Defendant.*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jessica Leving Siegel[1] brings this class action complaint against Defendant

ZoomInfo Technologies, LLC to put an end to its unlawful practice of using the names and

identities of Illinois residents without their consent in order to promote its service. Plaintiff, on

behalf of herself and all others similarly situated, alleges as follows upon personal knowledge as

to her own acts and experiences, and, as to all other matters, upon information and belief,

including investigation conducted by her own attorneys.

## NATURE OF THE ACTION

1.      Defendant ZoomInfo operates a website that sells access to a database containing

proprietary information about people to anybody willing to pay ZoomInfo for access to it.

2.      To market its service, ZoomInfo encourages prospective customers to perform a

free people search on its website. When consumers perform a free search for an individual—by

typing the individual's first and last name into the search bar—ZoomInfo displays a preview

page featuring the searched individual's full name alongside certain uniquely identifying

---

[1]      Plaintiff recently changed her surname. Plaintiff's former full name was Jessica Leving.

information, including, location, work history, job title, and partial phone number and email address. The purpose of this page is twofold: first, it shows potential customers that the ZoomInfo database contains the *specific* individual they searched for and represents that a paid membership grants access to much more information about the individual than the "free" preview; and second, it offers to sell them a paid membership, where they can access proprietary information about anybody in its database. In other words, ZoomInfo does not offer to sell information about the individuals searched on its website, but rather, uses their identities to sell a membership to its paid service.

3.      Unsurprisingly, the people appearing in these advertisements never provided ZoomInfo with their consent (written or otherwise) to use their identities for any reason, let alone for marketing purposes.

4.      By using Illinois residents' full names in its advertisements without their consent and for its own commercial gain, ZoomInfo violated—and continues to violate—the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq.*

## PARTIES

5.      Plaintiff Jessica Leving Siegel is a natural person and a citizen of the State of Illinois.

6.      Defendant ZoomInfo, LLC, is a limited liability company existing under the laws of the State of Delaware with its principal place of business located at 805 Broadway Street, Suite 800, Vancouver, Washington 98660.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different from the

Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under the subsection apply to this action.

8.       This Court has personal jurisdiction over Defendant because it transacts significant business in this District, misappropriate the identities of people that it knows reside in this District, and the unlawful conduct alleged in the Complaint occurred in and emanated from this District.

9.       Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### The Illinois Right of Publicity Act

10.       In 1999, the Illinois Legislature recognized that every individual has the "right to control and choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

11.       The Act protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

12.       In fact, the IRPA states that "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person…." 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

***ZoomInfo Uses Individuals' Names To Promote A Paid Access To Its Database***

13.     ZoomInfo owns and operates a website that sells paid access to "the world's leading business database." ZoomInfo compiles its phone and email database, in part, from corporate websites, and social media accounts, and markets its database as "precise data you need to reach your next customer" which includes over 63 million direct dials and over 100 million direct emails.

14.     ZoomInfo access must be purchased from its website, which allows its paying customers to perform searches on anyone in its database and obtain, *inter alia,* any individual's email address, phone number, and work history.

15.     ZoomInfo creates landing pages of each individual found within its database that features the individual's full name, alongside certain uniquely identifying information such as the individual's location, preview of the individual's email addresses and phone numbers, work information, job title, and a list of colleagues. ("Marketing Page"). *See* <u>Figure 1.</u> ZoomInfo users can view the Marketing Page by performing a search on ZoomInfo's website by using an individual's first and last name.



(**Figure 1**)

16.     Once a user clicks either "Get Full Access To [Searched Individual]'s Info," "Get Email Address," "Get Phone Number," or any other attribute of the searched individual's profile such as his or her phone number or email address, ZoomInfo presents an offer to start a free trial to access its database. *See* Figure 2. ZoomInfo sells paid access to access its database after the free trial period expires.



**(Figure 2)**

17. All this advertising is intended to sell access to ZoomInfo's services. Indeed, rather than offering to sell a user detailed information about a searched-for individual, ZoomInfo attempts to sell a paid service that would grant the purchaser access to detailed information on anybody in its database.

18. In this way, ZoomInfo misappropriated people's identities (names and other identifying information such as their location and employer information) for its own commercial benefit (to market and promote paid access any and all information in its database).

19. Most importantly, ZoomInfo never obtained written consent from Plaintiff and Class members to use their names or other identifying information for any reason, let alone for commercial purposes. Defendant never notified Plaintiff and Class members that their names or

other identifying information would appear on its Marketing Page in conjunction with an offer to purchase access to its database of individual's contact information. Moreover, Plaintiff and the Class members have no relationship with ZoomInfo whatsoever.

20.     Plaintiff, on behalf of herself and other similarly situated Illinois residents, brings this action against Defendant for its ongoing violations of the IRPA, and seeks (1) injunctive relief requiring Defendant to cease using Illinois residents' identities for commercial purposes, including on its Marketing Page, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of individuals' names, or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF LEVING SIEGEL

21.     In 2021, Plaintiff Jessica Leving Siegel discovered that ZoomInfo was using her identity to solicit the purchase of paid access to ZoomInfo.

22.     ZoomInfo specifically identified Plaintiff by her full name, employer, job title, names of colleagues, and previews of her contact information (such as her email address and phone number) on its Marketing Page. *See* Figure 1.

23.     Plaintiff never provided ZoomInfo with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized ZoomInfo to use her identity to promote any of its products or services.

24.     Plaintiff Leving Siegel is not and has never been a ZoomInfo customer. She has no relationship with ZoomInfo whatsoever.

## CLASS ALLEGATIONS

25.     **Class Definitions**: Plaintiff Jessica Leving Siegel brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as

follows:

All Illinois residents whose identities were displayed on the Marketing Page.

26.     Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Class members can be identified through Defendant's records.

28.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.     Whether Defendant used Plaintiff's and Class members' names and identities for a commercial purpose;

    b.     Whether Plaintiff's and Class members provided their written consent to Defendant to use their names and identities in advertisements;

    c.     Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act; and

      d.      Whether Plaintiff and the Class are entitled to injunctive relief.

29.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct.

30.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

31.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

32.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

33.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34.     The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

35.     Defendant sells paid access to its database containing detailed reports about people.

36.     As described above, to promote those reports, Defendant used Plaintiff's and the putative class members' identities on its Marketing Pages, which display the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each person's location, employer name, job title, and previews of their emails and phone numbers. This information serves to identify such individuals.

37.     The Marketing Page has a commercial purpose in that it promotes the ZoomInfo website and paid access reports in its database.

38.     Plaintiff and members of the Class never provided Defendant with their written

consent to use their full names (or any attribute of their identity) in advertisements for ZoomInfo. Defendant never notified Plaintiff and Class members that their identities would be used in commercial advertisements.

39.     Defendant deprived Plaintiff and Class members of control over whether and how their names and other identifying information can be used for commercial purposes.

40.     Based upon Defendant's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jessica Leving Siegel, individually and on behalf of the Class, prays that the Court enter an Order:

a.     Certifying this case as a class action defined above, appoint Jessica Leving Siegel as Class Representative, and appoint her counsel as Class Counsel;

b.     Declaring that Defendant's actions described herein constitute a violation of the Illinois Right of Publicity Act;

c.     Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

d.     Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class;

e.     Awarding punitive damages where applicable;

f.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

g.      Awarding Plaintiff and the Class pre- and post-judgment interest; and

h.      Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all matters that can be so tried.

Respectfully Submitted,

**JESSICA LEVING SIEGEL,** individually and on behalf of all others similarly situated,

Dated: April 15, 2021                   By: /s/Benjamin H. Richman_____
                                        One of Plaintiff's Attorneys


Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
Albert J. Plawinski
aplawinski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Class*