IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSELYN RAMOS, KAITLIN BROOKS, CARL FLORIAN, AND FRANCIS LAURITZEN, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES LLC, a Delaware limited liability company,<br><br>    *Defendant*. | Case No. 21-cv-02032<br><br>Honorable Charles P. Kocoras |

**SECOND AMENDED CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

  Plaintiffs Joselyn Ramos, Kaitlin Brooks, Carl Florian, and Francis Lauritzen (collectively, "Plaintiffs") bring this class action complaint against Defendant ZoomInfo Technologies LLC ("ZoomInfo") to put an end to its unlawful practice of using the names and identities of Illinois residents without their consent in order to promote its service. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE ACTION**

  1.  Defendant ZoomInfo operates a website that sells access to a database containing proprietary information about people to anybody willing to pay ZoomInfo for access to it.

  2.  To market its service, ZoomInfo encourages prospective customers to perform a free people search on its website. When consumers perform a free search for an individual—by typing the individual's first and last name into the search bar—ZoomInfo displays a preview

1

page featuring the searched individual's full name alongside certain uniquely identifying information, including, location, work history, job title, and partial phone number and email address. The purpose of this page is twofold: first, it shows potential customers that the ZoomInfo database contains the *specific* individual they searched for and represents that a paid membership grants access to much more information about the individual than the "free" preview; and second, it offers to sell them a paid membership, where they can access proprietary information about anybody in its database. In other words, ZoomInfo does not offer to sell information about the individuals searched on its website, but rather, uses their identities to sell a membership to its paid service.

3. Unsurprisingly, the people appearing in these advertisements never provided ZoomInfo with their consent (written or otherwise) to use their identities for any reason, let alone for marketing purposes.

4. By using individuals' full names in its advertisements without their consent and for its own commercial gain, ZoomInfo violated—and continues to violate—the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq.*; the California Right of Publicity Statute, Cal. Civ. Code § 3344, *et seq.*; the Indiana Right of Publicity Statute, the Indiana Right of Publicity Act, Ind. Code § 32-36-1, *et seq.*; and the Nevada Right of Publicity Statute, Nev. Rev. Stat. § 597.790.

## PARTIES

5. Plaintiff Joselyn Ramos is a natural person and a citizen of the State of Illinois.

6. Plaintiff Kaitlin Brooks is a natural person and a citizen of the State of California.

7. Plaintiff Carl Florian is a natural person and a citizen of the State of Indiana.

8. Plaintiff Francis Lauritzen is a natural person and a citizen of the State of Nevada.

9. Defendant ZoomInfo, LLC, is a limited liability company existing under the laws of the State of Delaware with its principal place of business located at 805 Broadway Street, Suite 800, Vancouver, Washington 98660.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one Member of the putative Class is a citizen of a state different from the Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under the subsection apply to this action.

11. This Court has personal jurisdiction over Defendant because it transacts significant business in this District, misappropriates the identities of people that it knows reside in this District, and the unlawful conduct alleged in the Complaint occurred in and emanated from this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff Ramos resides in this District and a substantial part of the events giving rise to this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

*The Relevant Right of Publicity Acts*

13. California, Illinois, Indiana, and Nevada, each passed a statutory scheme effectively codifying common law restrictions on the use of a person's right to control their identity. Specifically, these statutes prohibit the use of an individual's identity for a commercial purpose without first obtaining his or her prior consent. *See* Cal. Civ. Code § 3344, *et seq.*; 765 ILCS 1075/1, *et seq.*; Ind. Code § 32-36-1, *et seq.*; Nev. Rev. Stat. § 597.790. An "identity" includes attributes or indicia that serve to identify an individual to a reasonable person, and can

3

include a name, photograph, likeness, or voice. Cal. Civ. Code § 3344(a); 765 ILCS 1075/5; Ind. Code Ann. § 32-36-1-6; Nev. Rev. Stat. Ann. § 597.790(1). An identity is used in commerce when it is used in or on advertisements or to promote a good or service. Cal. Civ. Code § 3344(a); 765 ILCS 1075/5; Ind. Code Ann. § 32-36-1-2; Nev. Rev. Stat. Ann. § 597.770(1). Each statute includes a private right of action that allows individuals whose identities were used without their permission to recover statutory damages in particular amounts; actual out-of-pocket damages are not required to recover these statutory damages. Cal. Civ. Code § 3344(a) (providing for $750 in statutory damages); 765 ILCS 1075/40 (providing for $1,000 in statutory damages); Ind. Code Ann. § 32-36-1-10(1)(a) (providing for $1,000 in statutory damages); Nev. Rev. Stat. Ann. § 597.810(1)(b)(1) (providing for $750 in statutory damages).

***ZoomInfo Uses Individuals' Names To Promote Paid Access To Its Database***

14. ZoomInfo owns and operates a website that sells paid access to "the world's leading business database." ZoomInfo compiles its phone and email database, in part, from corporate websites, and social media accounts, and markets its database as "precise data you need to reach your next customer" which includes over 63 million direct dials and over 100 million direct emails.

15. ZoomInfo access must be purchased from its website, which allows its paying customers to perform searches on anyone in its database and obtain, *inter alia,* any individual's email address, phone number, and work history.

16. ZoomInfo creates landing pages of each individual found within its database that features the individual's full name, alongside certain uniquely identifying information such as the individual's location, preview of the individual's email addresses and phone numbers, work information, job title, and a list of colleagues. ("Marketing Page"). *See* Figure 1. ZoomInfo users

can view the Marketing Page by performing a search on ZoomInfo's website by using an individual's first and last name.



(**Figure 1**)

17. Once a user clicks either "Get Full Access To [Searched Individual]'s Info," "Get Email Address," "Get Phone Number," or any other attribute of the searched individual's profile such as his or her phone number or email address, ZoomInfo presents an offer to start a free trial to access its database. *See* Figure 2. ZoomInfo sells paid access to access its database after the free trial period expires.



(**Figure 2**)

18. All this advertising is intended to sell access to ZoomInfo's services. Indeed, rather than offering to sell a user detailed information about a searched-for individual, ZoomInfo attempts to sell a paid service that would grant the purchaser access to detailed information on anybody in its database.

19. In this way, ZoomInfo misappropriates people's identities (names and other identifying information such as their location and employer information) for its own commercial benefit (to market and promote paid access to any and all information in its database).

20. Most importantly, ZoomInfo never obtained written consent from Plaintiffs and Class Members to use their names or other identifying information for any reason, let alone for commercial purposes. Defendant never notified Plaintiffs and Class Members that their names or

other identifying information would appear on its Marketing Page in conjunction with an offer to purchase access to its database of individuals' contact information. Moreover, Plaintiffs and the Class Members have no relationship with ZoomInfo whatsoever.

21. Plaintiffs, on behalf of themselves and others similarly situated, bring this action against Defendant for its ongoing violations of the right of publicity laws in California, Illinois, Indiana, and Nevada, and seek (1) injunctive relief requiring Defendant to cease using the identities of these states' residents for commercial purposes, including on its Marketing Page, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of individuals' names, or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

### FACTS SPECIFIC TO PLAINTIFF RAMOS

22. Plaintiff Joselyn Ramos discovered that ZoomInfo was using her identity to solicit the purchase of paid access to ZoomInfo.

23. ZoomInfo specifically identified Plaintiff Ramos by her photograph, full name, employer, job title, names of colleagues, and previews of her contact information (such as her email address and phone number) on its Marketing Page. *See* Figure 1.

24. Plaintiff Ramos never provided ZoomInfo with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized ZoomInfo to use her identity to promote any of its products or services.

25. Plaintiff Ramos is not and has never been a ZoomInfo customer. She has no relationship with ZoomInfo whatsoever.

### FACTS SPECIFIC TO PLAINTIFF BROOKS

26. Plaintiff Kaitlin Brooks discovered that ZoomInfo was using her identity to solicit

the purchase of paid access to ZoomInfo.

27. ZoomInfo specifically identified Plaintiff Brooks by her full name, employer, job title, names of colleagues, and previews of her contact information (such as her email address and phone number) on a Marketing Page materially similar to Figure 1, *supra*.

28. Plaintiff Brooks never provided ZoomInfo with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized ZoomInfo to use her identity to promote any of its products or services.

29. Plaintiff Brooks is not and has never been a ZoomInfo customer. She has no relationship with ZoomInfo whatsoever.

## FACTS SPECIFIC TO PLAINTIFF FLORIAN

30. Plaintiff Carl Florian discovered that ZoomInfo was using his identity to solicit the purchase of paid access to ZoomInfo.

31. ZoomInfo specifically identified Plaintiff Florian by his full name, employer, job title, names of colleagues, and previews of his contact information (such as his email address and phone number) on a Marketing Page materially similar to Figure 1, *supra*.

32. Plaintiff Florian never provided ZoomInfo with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized ZoomInfo to use his identity to promote any of its products or services.

33. Plaintiff Florian is not and has never been a ZoomInfo customer. He has no relationship with ZoomInfo whatsoever.

## FACTS SPECIFIC TO PLAINTIFF LAURITZEN

34. Plaintiff Francis Lauritzen discovered that ZoomInfo was using his identity to solicit the purchase of paid access to ZoomInfo.

8

35. ZoomInfo specifically identified Plaintiff Lauritzen by his full name, employer, job title, names of colleagues, and previews of his contact information (such as his email address and phone number) on a Marketing Page materially similar to Figure 1, *supra*.

36. Plaintiff Lauritzen never provided ZoomInfo with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized ZoomInfo to use his identity to promote any of its products or services.

37. Plaintiff Lauritzen is not and has never been a ZoomInfo customer. He has no relationship with ZoomInfo whatsoever.

## CLASS ALLEGATIONS

38. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), Plaintiffs bring this action on behalf of themselves and each Class defined below:

> **California Class**: All California residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between January 9, 2020 and March 27, 2024. Plaintiff Brooks represents the California Class.
>
> **Illinois Class**: All Illinois residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between April 15, 2020 and March 27, 2024. Plaintiff Ramos represents the Illinois Class.
>
> **Indiana Class**: All Indiana residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between March 27, 2022 and March 27, 2024. Plaintiff Florian represents the Indiana Class.
>
> **Nevada Class**: All Nevada residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between March 27, 2022 and March 27, 2024. Plaintiff Lauritzen represents the Nevada Class.

(collectively, the "Classes") (individuals belonging to any class are "Class Members").

39. Excluded from the Classes are (1) individuals with directory pages whose only page views were the result of "bot" attacks identified in ZoomInfo's records; (2) any Judge or Magistrate presiding over this action and members of their families, (3) ZoomInfo, ZoomInfo's

subsidiaries, successors, predecessors, and any entity in which ZoomInfo has a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the Classes, and (5) the legal representatives, successors, or assigns of any such excluded persons.

40. **Numerosity**: The exact number of total Class Members is unknown and not available to Plaintiffs at this time, but there are at least one million total Class Members, such that individual joinder is impracticable. Class Members can be identified through Defendant's records.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the putative Classes, and those questions predominate over any questions that may affect individual Class Members. Common questions for the Classes include, but are not necessarily limited to the following:

    a. Whether Defendant used Class Members' identities;

    b. Whether any use of Class Members' identities was for a commercial purpose;

    c. Whether Defendant had Class Members' consent to use their identities in Defendant's advertisements;

    d. Whether the conduct described herein constitutes a violation of 765 ILCS 1075/1, *et seq.*; Cal. Civ. Code § 3344; Ind. Code § 32-36-1 *et seq.*; and Nev. Rev. Stat. § 597.790; and

    e. Whether Plaintiffs and the Classes are entitled to monetary damages and injunctive relief.

42. **Typicality and Adequacy**: The claims of the named Plaintiffs are typical of the respective Classes they propose to represent. Plaintiffs will fairly and adequately represent and

protect the interests of the Classes and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Classes, and Defendant has no defenses unique to any Plaintiff.

43. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's policies challenged herein apply and affect members of the Classes uniformly and Plaintiffs' challenge of these policies hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiffs in their individual capacities. Plaintiffs and the Class Members have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

44. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual Class Members to obtain effective relief from Defendant's misconduct. Even if Class Members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision

by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*
### (On behalf of Plaintiff Ramos and the Illinois Class)

45. Plaintiff Ramos incorporates the foregoing allegations as if fully set forth herein.

46. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

47. Defendant sells paid access to its database containing detailed reports about people.

48. As described above, to promote those reports, Defendant used Plaintiff Ramos's and the Illinois Class Members' identities on its Marketing Pages, which display the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each person's location, employer name, job title, and previews of their emails and phone numbers. This information serves to identify such individuals.

49. The Marketing Page has a commercial purpose in that it promotes the ZoomInfo website and paid access reports in its database.

50. Plaintiff Ramos and Illinois Class Members never provided Defendant with their written consent to use their full names (or any attribute of their identity) in advertisements for ZoomInfo. Defendant never notified Plaintiff Ramos and Illinois Class Members that their identities would be used in commercial advertisements.

51. Defendant deprived Plaintiff Ramos and Illinois Class Members of control over whether and how their names and other identifying information can be used for commercial

12

purposes.

52. Based upon Defendant's violation of the Illinois Right of Publicity Act, Plaintiff Ramos and Illinois Class Members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Ramos's and Illinois Class Members' names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Ramos's and Illinois Class Members' names and identities) or statutory damages of $1,000 per violation to the Illinois Class Members, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

**SECOND CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 3344**
**(On behalf of Plaintiff Brooks and the California Class**

53. Plaintiff Brooks incorporates the foregoing allegations as if fully set forth herein.

54. The California Right of Publicity Statute prohibits and provides damages for the knowing misappropriation of an individual's name, voice, signature, photograph, or likeness in advertising or soliciting without the individual's prior consent. *See* Cal. Civ. Code § 3344(a).

55. Defendant sells paid access to its database containing detailed reports about people.

56. As described above, to promote those reports, Defendant used Plaintiff Brooks's and the California Class Members' identities on its Marketing Pages, which display the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each person's location, employer name, job title, and previews of their emails and phone numbers. This information serves to identify such individuals.

57. The Marketing Page has a commercial purpose in that it promotes the ZoomInfo

13

website and paid access reports in its database.

58. Plaintiff Brooks and California Class Members never provided Defendant with their written consent to use their full names (or any attribute of their identity) in advertisements for ZoomInfo. Defendant never notified Plaintiff Brooks and California Class Members that their identities would be used in commercial advertisements.

59. Defendant deprived Plaintiff Brooks and California Class Members of control over whether and how their names and other identifying information can be used for commercial purposes.

60. Based upon Defendant's violation of the California Right of Publicity Statute, Plaintiff Brooks and California Class Members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Brooks's and California Class Members' names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Brooks's and California Class Members' names and identities) or statutory damages of $750 per violation to the California Class Members, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under Cal. Civ. Code § 3344(a).

### THIRD CAUSE OF ACTION
### Violation of Ind. Code § 32-36-1, *et seq*.
### (On behalf of Plaintiff Florian and the Indiana Class

61. Plaintiff Florian incorporates the foregoing allegations as if fully set forth herein.

62. Indiana law prohibits the use an aspect of a person's right of publicity for a commercial purpose without having obtained previous written consent. *See* Ind. Code § 32-36-1.

63. Defendant sells paid access to its database containing detailed reports about people.

14

64. As described above, to promote those reports, Defendant used Plaintiff Florian's and the Indiana Class Members' identities on its Marketing Pages, which display the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each person's location, employer name, job title, and previews of their emails and phone numbers. This information serves to identify such individuals.

65. The Marketing Page has a commercial purpose in that it promotes the ZoomInfo website and paid access reports in its database.

66. Plaintiff Florian and Indiana Class Members never provided Defendant with their written consent to use their full names (or any attribute of their identity) in advertisements for ZoomInfo. Defendant never notified Plaintiff Florian and Indiana Class Members that their identities would be used in commercial advertisements.

67. Defendant deprived Plaintiff Florian and Indiana Class Members of control over whether and how their names and other identifying information can be used for commercial purposes.

68. Based upon Defendant's violation of the Indiana Right of Publicity Act, Plaintiff Florian and Indiana Class Members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Florian's and Indiana Class Members' names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Florian's and Indiana Class Members' names and identities) or statutory damages of $1,000 per violation to the Indiana Class Members, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under Ind. Code § 32-36-1-10.

## FOURTH CAUSE OF ACTION
### Violation of Nev. Rev. Stat. § 597.790
### (On behalf of Plaintiff Lauritzen and the Nevada Class

69. Plaintiff Lauritzen incorporates the foregoing allegations as if fully set forth herein.

70. Nevada law prohibits the commercial use of another person's identity or likeness without consent. Nev. Rev. Stat. § 597.790

71. Defendant sells paid access to its database containing detailed reports about people.

72. As described above, to promote those reports, Defendant used Plaintiff Lauritzen's and the Nevada Class Members' identities on its Marketing Pages, which display the individuals found within its records that match searched-for names, alongside uniquely identifying information such as each person's location, employer name, job title, and previews of their emails and phone numbers. This information serves to identify such individuals.

73. The Marketing Page has a commercial purpose in that it promotes the ZoomInfo website and paid access reports in its database.

74. Plaintiff Lauritzen and Nevada Class Members never provided Defendant with their written consent to use their full names (or any attribute of their identity) in advertisements for ZoomInfo. Defendant never notified Plaintiff Lauritzen and Nevada Class Members that their identities would be used in commercial advertisements.

75. Defendant deprived Plaintiff Lauritzen and Nevada Class Members of control over whether and how their names and other identifying information can be used for commercial purposes.

76. Based upon Defendant's violation of the Nevada Right of Publicity Statute,

Plaintiff Lauritzen and Nevada Class Members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff Lauritzen's and Nevada Class Members' names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Lauritzen's and Nevada Class Members' names and identities) or statutory damages of $750 per violation to the Nevada Class Members, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under Nev. Rev. Stat. § 597.790.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of their respective Classes, pray that the Court enter an Order:

a. Certifying this case as a class action as defined above, appoint Plaintiffs as Class Representatives of their respective Classes, and appoint their counsel as Class Counsel;

b. Declaring that Defendant's actions described herein constitute a violation of the California Right of Publicity Statute, the Illinois Right of Publicity Act, the Indiana Right of Publicity Act, and the Nevada Right of Publicity Statute;

c. Awarding injunctive and other equitable relief as necessary to protect the interest of the Classes, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

d. Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or damages in the amounts authorized by statute to the Members of the respective Classes;

e. Awarding punitive damages where applicable;

f. Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

g. Awarding Plaintiffs and the Classes pre- and post-judgment interest; and

h. Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all matters that can be so tried.

Respectfully Submitted,

**JOSELYN RAMOS, KAITLIN BROOKS, CARL FLORIAN,** and **FRANCIS LAURITZEN,** individually and on behalf of all others similarly situated,

Dated: April 4, 2024    By: /s/ Michael Ovca
    One of Plaintiffs' Attorneys

J. Eli Wade-Scott
ewadescott@edelson.com
Michael W. Ovca
movca@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Class*

18