IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSELYN RAMOS, KAITLIN BROOKS, CARL FLORIAN, and FRANCIS LAURITZEN, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>*v.*<br><br>ZOOMINFO TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>    *Defendant*. | Case No. 21-cv-02032<br><br>Honorable Charles P. Kocoras |

## ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT AGREEMENT

    This matter coming before the Court on Plaintiffs' Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

    1.  Terms and phrases in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement, (dkt. 104-1).

    2.  Plaintiffs have moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with its incorporated documents, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement, and having heard the Parties and being fully advised in the premises, preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order, certifies the Settlement Classes for purposes of settlement only and finds that the

Settlement Classes defined below are likely to be certified for purposes of entering the Final Approval Order, appoints Class Counsel and the Class Representatives, and approves the plan and content of the Notice.

**Certification of the Settlement Classes**.

3. For purposes of settlement only and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court certifies the following Settlement Classes as defined in the Settlement Agreement:

> **California Settlement Class:** all California residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between January 9, 2020 and March 27, 2024.
>
> **Illinois Settlement Class:** all Illinois residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between April 15, 2020 and March 27, 2024.
>
> **Indiana Settlement Class:** all Indiana residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between March 27, 2022 and March 27, 2024.
>
> **Nevada Settlement Class:** all Nevada residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between March 27, 2022 and March 27, 2024.

Excluded from each of the Settlement Classes are: (1) individuals with directory pages whose only page views were the result of "bot" attacks identified in ZoomInfo's records; (2) any Judge or Magistrate presiding over this action and members of their families, (3) ZoomInfo, ZoomInfo's subsidiaries, successors, predecessors, and any entity in which ZoomInfo has a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the Settlement Classes, and (5) the legal representatives, successors, or assigns of any such excluded persons.

4. The Court preliminarily finds that, subject to the Final Approval Hearing referred

to below, the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Classes are each likely to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of entering the Final Approval Order, specifically, that: the Settlement Classes are so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Classes (*e.g.*, whether Defendant used the Plaintiffs' and the Settlement Class Members' identifying information to advertise or promote Defendant's subscription services); Plaintiffs' claims are typical of the claims of the Settlement Class Members that they propose to represent; Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Classes; common questions of law or fact predominate over questions affecting individual Settlement Class Members; and a class action is a superior method for fairly and efficiently adjudicating the claims of the Settlement Classes.

**Preliminary Approval of the Settlement**

5. For purposes of settlement only, J. Eli Wade-Scott and Michael Ovca of Edelson PC and Philip L. Fraietta of Bursor & Fisher, P.A are appointed Class Counsel for the Settlement Classes. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel.

6. For purposes of settlement only, Plaintiff Kaitlin Brooks is named the California Settlement Class Representative, Plaintiff Joselyn Ramos is named the Illinois Settlement Class Representative, Plaintiff Carl Florian is named the Indiana Settlement Class Representative, and Plaintiff Francis Lauritzen is named the Nevada Settlement Class Representative. The Court finds that each Plaintiff will adequately protect the interests of their respective settlement class, as defined above.

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Classes set forth above. The Court further preliminarily finds that the Settlement Classes substantially fulfill the purposes and objectives of the class action mechanism, and the Settlement Agreement provides substantial relief to the Settlement Classes without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys with the assistance of the Hon. James F. Holderman (ret.) of JAMS; (b) is sufficient to warrant Notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Classes; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the Notice plan and all forms of Notice to the each of the Settlement Classes as set forth in the Settlement Agreement and its Exhibits, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement Agreement, and to exclude themselves from the Settlement Classes. The Parties, by

agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Simpluris, Inc. as Settlement Administrator under the Settlement Agreement.

10. Pursuant to Section 4.2 of the Settlement Agreement, the Settlement Administrator shall send direct Notice as called for under the Settlement by the Notice Date, which shall direct Settlement Class Members to the Settlement Website, by the Notice Date. The Settlement Administrator shall also provide Notice on the Settlement Website within seven (7) days after entry of this Order.

**Exclusion**

11. All persons who meet the definition of any of the Settlement Classes and who wish to exclude themselves from the Settlement Classes must submit their request for exclusion in writing on or before the Objection/Exclusion Deadline of September 16, 2024. Any members of the Settlement Classes so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

12. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Ramos, et al. v. ZoomInfo Technologies LLC*, No. 21-cv-02032 (N.D. Ill.); (c) identify if the person seeking exclusion is a member of the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, or the Nevada Settlement Class; (d) state the full name and current address of the person seeking exclusion; (e) be signed by the person(s) seeking exclusion; and (f) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain

a statement to the effect that "I hereby request to be excluded from the settlement in *Ramos, et al. v. ZoomInfo Technologies LLC*, No. 21-cv-02032 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain a Settlement Class Member and shall be bound by this Settlement Agreement, if approved. No person may request to be excluded from the Settlement Classes through "mass" or "class" opt-outs, meaning that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

**<u>Objections</u>**

13. Any Settlement Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Approval Order being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive awards to the Class Representatives as set forth in the Notice and Settlement Agreement. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline.

14. To be valid, the written objection must be personally signed by the objector and otherwise comply with the objection procedures set forth in the Settlement Agreement and Notice including stating: (a) the person's full name and current address; (b) a statement that he or she believes himself or herself to be a member of the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, or the Nevada Settlement Class; (c) whether the objection applies only to the objector, to a specific subset of the objector's settlement class or the

entirety of the objector's settlement class; (d) the specific grounds for the objection, (e) all documents or writings that the person desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

15. To be valid, all written objections must be filed with the Court and postmarked, emailed, or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline.

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| Michael W. Ovca | Martin L. Roth |
| movca@edelson.com | rothm@kirkland.com |
| Edelson P.C. | Kirkland & Ellis LLP |
| 350 North LaSalle Street, 14th Floor | 333 West Wolf Point Plaza |
| Chicago, Illinois 60654 | Chicago, Illinois 60654 |

16. In addition, any objection made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

17. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of the Settlement and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

**Claims Deadline**

18. The Court approves the form and content of the Claim Form. All Claim Forms must be postmarked or submitted on the Settlement Website by September 2, 2024 to be considered timely.

**Final Approval Hearing**

19. The Final Approval Hearing shall be held before this Court on October 22, 2024, at 9:50 a.m. to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

20. Class Counsel shall file papers in support of any request for a Fee Award and the Class Representatives' incentive awards (collectively, the "Fee Petition") with the Court on or before September 2, 2024. The Fee Petition shall be filed with the Court and be promptly posted to the Settlement Website.

21. Plaintiffs shall file their papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before October 18, 2024.

IT IS SO ORDERED, June 12, 2024.

_____
Charles P. Kocoras
United States District Judge