# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JOSELYN RAMOS, KAITLIN BROOKS, CARL FLORIAN, and FRANCIS LAURITZEN, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 21-cv-02032 |
| *v.* | Honorable Charles P. Kocoras |
| ZOOMINFO TECHNOLOGIES LLC, a Delaware limited liability company, | |
| *Defendant*. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs Joselyn Ramos, Kaitlin Brooks, Carl Florian, and Francis Lauritzen (collectively, "Plaintiffs"), for themselves individually and on behalf of the Settlement Classes, and Defendant ZoomInfo Technologies LLC ("ZoomInfo" or "Defendant"). Plaintiffs and Defendant are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

## RECITALS

A.     This putative class action was originally filed in the United States District Court for the Northern District of Illinois on April 15, 2021 as *Jessica Leving Siegel v. ZoomInfo Technologies LLC*, and alleges violations of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq*. ("IRPA"). (Dkt. 1.) Specifically, the original complaint alleged that ZoomInfo's use of

1

plaintiff's and other consumers' identities to encourage individuals to purchase subscriptions to ZoomInfo's website violated the IRPA. (*Id.*) The Parties stipulated to substitute Plaintiff Joselyn Ramos into the case for Jessica Leving Siegel as the named plaintiff on September 7, 2021, before the Court ruled on Defendant's motion to dismiss, and the case caption was changed to *Joselyn Ramos v. ZoomInfo Technologies LLC*. (Dkts. 20, 24.)

B.    ZoomInfo moved to dismiss the *Ramos* complaint. (Dkt. 14.) The Court denied ZoomInfo's motion to dismiss. (Dkt. 21.) ZoomInfo thereafter answered the First Amended Complaint, and Ramos and ZoomInfo began engaging in discovery in the *Ramos* case. (Dkt. 28.)

C.    This discovery included significant written discovery efforts, wherein Ramos requested, and Defendant provided, information on the putative class's composition and the types of data that Defendant maintained related to its website and its visitors. With this information in hand, Ramos took depositions of Defendant's corporate representatives. Ramos likewise participated in the discovery process, responding to Defendant's written discovery and sitting for a deposition.

D.    Following the close of discovery in the *Ramos* action, Ramos moved for certification of an Illinois class. (Dkt. 59.) ZoomInfo opposed the class certification motion and submitted an expert report in support of its opposition. (Dkts. 66, 66-3.) Ramos moved to strike the expert report. (Dkt. 80.) Both the motion for class certification and motion to strike were pending when Ramos and ZoomInfo agreed to attend a mediation. (Dkt. 90.)

E.    While the *Ramos* action was pending, another plaintiff filed a substantially similar case against ZoomInfo in the Western District of Washington, alleging violations of California's Right of Publicity Statute, Cal. Civ. Code § 3344, *et seq.*, seeking relief on behalf of a putative California class. (*Martinez v. ZoomInfo Technologies LLC*, No. 3:21-cv-05725 (W.D. Wash.))

ZoomInfo moved to dismiss the *Martinez* action and to strike pursuant to California's "anti-SLAPP" statute, which the Court denied. (*Id.*, dkts. 19, 39.) ZoomInfo appealed the decision, which was affirmed by the Ninth Circuit. (*Martinez v. ZoomInfo Technologies LLC*, No. 22-35305 (9th Cir.), dkts. 1, 70.) The Ninth Circuit subsequently vacated the panel order and ordered a rehearing *en banc* which has yet to occur. (*Id.*, dkt. 81.)

F.      In parallel with their discovery efforts, Ramos and ZoomInfo began informally exploring the possibility of settlement. As these initial discussions progressed, ZoomInfo expressed an interest in reaching a global settlement that would resolve the *Martinez* action and other potential right of publicity lawsuits against it. Ramos and ZoomInfo therefore discussed potential settlement proposals that involved the California claims in *Martinez*, as well as potential claims under the right of publicity laws in Indiana and Nevada. To facilitate those discussions, Ramos' counsel sought informal discovery into the potential settlement class sizes in each of these states, which ZoomInfo provided in July 2023.

G.      With this information in hand, counsel for Ramos and ZoomInfo agreed to schedule a mediation with the Honorable James F. Holderman (Ret.) of JAMS. Counsel in the *Martinez* action, who had been working with counsel for Ramos, was also apprised of the mediation. In advance of the mediation, the Parties exchanged mediation briefs setting forth their respective positions and provided Judge Holderman with relevant documents from the cases. As part of this process, and understanding that ZoomInfo sought a settlement that would provide a global resolution, Plaintiffs' counsel issued non-contingent settlement proposals for settlement classes in California, Illinois, Indiana, and Nevada. Defendant was welcome to accept or reject any of these individual proposals.

H.      After exchanging their mediation briefs and holding preparatory calls with Judge

Holderman, the Parties attended a full-day mediation. Despite their arms'-length negotiations, the Parties were unable to reach a resolution on the day of the mediation. In the week that followed, however, the Parties continued to discuss the potential for settlement, including through multiple calls with Judge Holderman. Through this process, the Parties were ultimately able to reach the material terms of an agreement-in-principle to resolve pending and potential litigation against ZoomInfo. This agreement was memorialized in a memorandum of understanding that was formalized into this Settlement Agreement.

I.      To that end, the Parties agreed to seek amendment in the first-filed *Ramos* complaint to include putative class representatives from the states specified herein. This would allow the proposed settlement to be evaluated and effectuated through a single action.

J.      In addition, given that the agreement-in-principle contemplated a global settlement of disputes relating to right of publicity claims against ZoomInfo in certain states including California, ZoomInfo submitted a letter to the United States Court of Appeals for the Ninth Circuit in advance of the *en banc* hearing set for *Martinez*. (*Martinez*, No. 22-35305, dkt. 123.) The hearing was then vacated. (*Id.*)

K.      Plaintiffs and Class Counsel believe that the claims asserted in the Action have merit, and that they would have ultimately succeeded in certifying a class, at trial or summary judgment, and on any subsequent appeal. But Plaintiffs and Class Counsel recognize that ZoomInfo has raised relevant factual and legal defenses that pose risks to both the merits of the litigation and the maintenance of the litigation as a class action. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation and the appeals that would follow any judgment in favor of the Settlement Classes. Class Counsel believe that this Agreement

4

eliminates uncertainty in the outcome and presents an exceptional result for the Settlement Classes, and one that will be provided without delay. Therefore, Plaintiffs believe that it is in the best interest of the Settlement Classes to settle the Action and that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, pursuant to the terms and conditions set forth in this Settlement Agreement.

L.     ZoomInfo denies all allegations of wrongdoing and liability, denies all material allegations in the Action, and believes that it would prevail in defeating class certification and at any trial on the merits or summary judgment proceeding, but has similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Settlement Classes' claims for damages. ZoomInfo thus desires to resolve finally and completely the pending claims of Plaintiff and the Settlement Classes.

M.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs on behalf of the Settlement Classes, and ZoomInfo that, subject to Court approval after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT

1.     **DEFINITIONS.**

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms have the meanings specified below:

1.1     **"Action"** means the case captioned *Ramos, et al. v. ZoomInfo Technologies LLC*,

No. 21-cv-02032, pending in the United States District Court for the Northern District of Illinois.

1.2     **"Additional Litigation"** means the case captioned *Martinez v. ZoomInfo Technologies LLC*, No. C21-5725 MJP, pending in the United States District Court for the Western District of Washington.

1.3     **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is: (i) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (ii) fully and truthfully completed with all information required of a Settlement Class Member; and (iii) signed by the Settlement Class Member, either physically or electronically.

1.4     **"California Settlement Class"** means all California residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between January 9, 2020 and the date this Settlement is fully executed. Excluded from the California Settlement Class are (1) individuals with directory pages whose only page views were the result of "bot" attacks identified in ZoomInfo's records; (2) any Judge or Magistrate presiding over this action and members of their families, (3) ZoomInfo, ZoomInfo's subsidiaries, successors, predecessors, and any entity in which ZoomInfo has a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the class, and (5) the legal representatives, successors, or assigns of any such excluded persons.

1.5     **"California Settlement Class Representative"** means Plaintiff Kaitlin Brooks.

1.6     **"California Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by ZoomInfo in the total amount of twelve million, four hundred ninety-two thousand, one hundred eighty dollars ($12,492,180), subject to potential upward adjustments as provided in Section 6.3. This amount shall be deposited in an Escrow Account by ZoomInfo

no later than thirty (30) days after Preliminary Approval. From this California Settlement Fund, the Settlement Administrator shall pay (i) Approved Claims of the California Settlement Class, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to the California Settlement Class Representative, and (iv) any Fee Award. The California Settlement Fund shall be kept in an Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by ZoomInfo into the California Settlement Fund, or any interest earned thereon, revert to ZoomInfo or any other Released Party, except as set forth in Paragraph 9.4.

1.7     **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely and shall be set as a date no later than sixty (60) days after the Notice Date. The Claims Deadline shall be clearly set forth in the order granting Preliminary Approval, in the Notice, and in the Claim Form.

1.8     **"Claim Form"** means the claim form attached hereto as Exhibit A (the online Claim Form) and Exhibit B (the paper Claim Form attached to the postcard notice), as approved by the Court. The Claim Form must be completed and physically signed or verified electronically by any Settlement Class Members who wish to file a claim for a settlement payment, and shall be available for submission on or download from the Settlement Website in hardcopy form. The Claim Form will not require notarization, but will require the information supplied to be true and correct. The online Claim Form will provide the option of having settlement payments transmitted electronically through Venmo, Zelle, or check. Class Members who submit a paper Claim Form that is approved will be sent a check via U.S. Mail.

1.9     **"Class Counsel"** means J. Eli Wade-Scott and Michael Ovca of Edelson PC, and

Philip L. Fraietta of Bursor & Fisher, P.A.

1.10 **"Class Representatives"** means the California Settlement Class Representative, the Illinois Settlement Class Representative, the Indiana Settlement Class Representative, and the Nevada Settlement Class Representative.

1.11 **"Court"** means the United States District Court for the Northern District of Illinois, the Honorable Charles P. Kocoras presiding, or any judge who shall succeed him as judge in this case.

1.12 **"Defendant"** means ZoomInfo Technologies LLC, a Delaware corporation.

1.13 **"Defendant's Counsel"** means Martin L. Roth, William E. Arnault, Rachel B. Haig, and Kate Walling of Kirkland & Ellis LLP.

1.14 **"Effective Date"** means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or incentive awards, (a) the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (b) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

1.15 **"Escrow Account"** means the interest-bearing escrow account or accounts to be established by the Settlement Administrator for the California Settlement Fund, Illinois Settlement Fund, Indiana Settlement Fund, and Nevada Settlement Fund. Each Escrow Account

shall be established under terms acceptable to Plaintiffs and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation that will constitute a court-approved Qualified Settlement Fund (QSF) for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The money in each Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing each Escrow Account shall be proportionally deducted from the California Settlement Fund, Illinois Settlement Fund, Indiana Settlement Fund, and Nevada Settlement Fund. Any interest earned on any Escrow Accounts shall be considered part of that respective state-specific Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on any Escrow Account and the payment of all taxes that may be due on such earnings.

1.16    **"Fee Award"** means the amount of attorneys' fees and costs awarded by the Court to Class Counsel to be paid from the California Settlement Fund, Illinois Settlement Fund, Indiana Settlement Fund, and Nevada Settlement Fund.

1.17    **"Final Approval Hearing"** means the hearing before the Court where the Plaintiff will request the Final Approval Order to be entered by the Court confirming approval of the Settlement Class for purposes of Settlement, approving the Settlement Agreement, and determining the Fee Award and incentive award to the Class Representatives.

1.18    **"Final Approval Order"** means the final approval order to be entered by the Court confirming approval of the Settlement Class for purposes of Settlement, approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing the Action with prejudice.

1.19    **"Illinois Settlement Class"** means all Illinois residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between April 15, 2020 and the date this Settlement is fully executed. Excluded from the Illinois Settlement Class are (1) individuals with directory pages whose only page views were the result of "bot" attacks identified in ZoomInfo's records; (2) any Judge or Magistrate presiding over this action and members of their families, (3) ZoomInfo, ZoomInfo's subsidiaries, successors, predecessors, and any entity in which ZoomInfo has a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the class, and (5) the legal representatives, successors, or assigns of any such excluded persons.

1.20    **"Illinois Settlement Class Representative"** means Plaintiff Joselyn Ramos.

1.21    **"Illinois Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by ZoomInfo in the total amount of nine million, six hundred forty-one thousand, five hundred twenty dollars ($9,641,520), subject to potential upward adjustments as provided in Section 6.3. This amount shall be deposited in an Escrow Account by ZoomInfo no later than thirty (30) days after Preliminary Approval. From this Illinois Settlement Fund, the Settlement Administrator shall pay (i) Approved Claims of the Illinois Settlement Class, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to the Illinois Settlement Class Representative, and (iv) any Fee Award. The Illinois Settlement Fund shall be kept in an Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by ZoomInfo into the Illinois Settlement Fund, or any interest earned thereon, revert to ZoomInfo or any other Released Party, except as set forth in Paragraph 9.4.

1.22    **"Indiana Settlement Class"** means all Indiana residents whose identity was the

subject of a directory preview page published by ZoomInfo and viewed for the first time in the two years prior to the date this Settlement is fully executed. Excluded from the Indiana Settlement Class are (1) individuals with directory pages whose only page views were the result of "bot" attacks identified in ZoomInfo's records; (2) any Judge or Magistrate presiding over this action and members of their families, (3) ZoomInfo, ZoomInfo's subsidiaries, successors, predecessors, and any entity in which ZoomInfo has a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the class, and (5) the legal representatives, successors, or assigns of any such excluded persons.

1.23 **"Indiana Settlement Class Representative"** means Plaintiff Carl Florian.

1.24 **"Indiana Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by ZoomInfo in the total amount of two million, three hundred two thousand, eighty dollars ($2,302,080), subject to potential upward adjustments as provided in Section 6.3. This amount shall be deposited in an Escrow Account by ZoomInfo no later than thirty (30) days after Preliminary Approval. From this Indiana Settlement Fund, the Settlement Administrator shall pay (i) Approved Claims of the Indiana Settlement Class, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to the Indiana Settlement Class Representative, and (iv) any Fee Award. The Indiana Settlement Fund shall be kept in an Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by ZoomInfo into the Indiana Settlement Fund, or any interest earned thereon, revert to ZoomInfo or any other Released Party, except as set forth in Paragraph 9.4.

1.25 **"Nevada Settlement Class"** means all Nevada residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time in the

two years prior to the date this Settlement is fully executed. Excluded from the Nevada Settlement Class are (1) individuals with directory pages whose only page views were the result of "bot" attacks identified in ZoomInfo's records; (2) any Judge or Magistrate presiding over this action and members of their families, (3) ZoomInfo, ZoomInfo's subsidiaries, successors, predecessors, and any entity in which ZoomInfo has a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the class, and (5) the legal representatives, successors, or assigns of any such excluded persons.

   1.26 **"Nevada Settlement Class Representative"** means Plaintiff Francis Lauritzen.

   1.27 **"Nevada Settlement Fund"** means the non-reversionary cash settlement fund that shall be established by ZoomInfo in the total amount of one million, three hundred thirty-one thousand, fifty-five dollars ($1,331,055), subject to potential upward adjustments as provided in Section 6.3. This amount shall be deposited in an Escrow Account by ZoomInfo no later than thirty (30) days after Preliminary Approval. From this Nevada Settlement Fund, the Settlement Administrator shall pay (i) Approved Claims of the Nevada Settlement Class, (ii) a proportional amount of the Settlement Administration Expenses, (iii) any incentive award to the Nevada Settlement Class Representative, and (iv) any Fee Award. The Nevada Settlement Fund shall be kept in an Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by ZoomInfo into the Nevada Settlement Fund, or any interest earned thereon, revert to ZoomInfo or any other Released Party, except as set forth in Paragraph 9.4.

   1.28 **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class in the manner set forth in

this Agreement, fulfills the requirements of due process and Fed. R. Civ. P. 23, and is substantially in the form of Exhibits C–J, attached hereto.

1.29    **"Notice Date"** means the date by which notice is to be provided, which shall be a date no later than twenty-one (21) days after entry of Preliminary Approval.

1.30    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Classes must be postmarked and/or filed with the Court, which shall be designated as eighty-four (84) days after the Notice Date.

1.31    **"Plaintiffs"** means, collectively, Joselyn Ramos, Kaitlin Brooks, Carl Florian, and Francis Lauritzen.

1.32    **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, appointing Class Counsel, certifying or finding the Settlement Class is likely to be certified for purposes of entering the Final Approval Order, and approving the form and method of distributing the Notice.

1.33    **"Released Claims"** means any and all past and present claims or causes of action, including any right of publicity laws in California, Illinois, Indiana, or Nevada, whether known or unknown, including Unknown Claims, arising from or in connection with any alleged use of an individual's identity, persona, name, image, likeness, or personal information to advertise, promote, or in connection with an offer for sale of any products or services, which are based upon, arising from, or relating in any way to, the factual predicates of the Action or the Additional Litigation.

1.34    **"Released Parties"** means ZoomInfo and each of its respective parents, subsidiaries, predecessors, successors, insurers, reinsurers, assigns, affiliates, attorneys, agents,

representatives, employees, directors, shareholders, officers, trustees, and administrators.

1.35 **"Releasing Parties"** means Plaintiffs and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns, and agents.

1.36 **"Settlement Administration Expenses"** means the expenses incurred by or on behalf of the Settlement Administrator in administering the Settlement Agreement, including expenses relating to providing Notice, processing Claim Forms, disbursing payments and mailing checks for settlement payments, and paying related tax expenses, escrow agent fees, and other such related expenses, with all such expenses to be proportionally paid from each State-Specific Settlement Fund, and Settlement Administration Expenses incurred on behalf of only one State-Specific Settlement Fund shall be paid only from that respective State-Specific Settlement Fund.

1.37 **"Settlement Administrator"** means, subject to Court approval, Simpluris, Inc., which will provide the Notice, create and maintain the Settlement Website, receive and process Claim Forms, send settlement payments to Settlement Class Members who submit Approved Claims, be responsible for tax reporting, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

1.38 **"Settlement Classes"** means collectively the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, and the Nevada Settlement Class.

1.39 **"Settlement Class Member"** means a person who falls within the definition of one of the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, or the Nevada Settlement Class, and who has not submitted a valid request for exclusion.

1.40 **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator, which allows for the electronic submission of Claim Forms and

provides access to relevant case documents, including the Notice and information about the submission of Claim Forms.

      1.41    **"State-Specific Settlement Funds"** means each of the California Settlement Fund, the Illinois Settlement Fund, the Indiana Settlement Fund, and the Nevada Settlement Fund.

      1.42    **"Unknown Claims"** means claims that could have been raised in the Action or the Additional Litigation and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

2.      **SETTLEMENT RELIEF.**

2.1.    **Settlement Payments to Settlement Class Members.**

(a)     Settlement Class Members shall have until the Claims Deadline to submit a Claim Form. The Settlement Administrator shall have sole and final authority to determine if a Claim Form is an Approved Claim. Each Settlement Class Member who submits an Approved Claim shall be entitled to a payment of a *pro rata* share of their respective State-Specific Settlement Fund, after payment of Settlement Administration Expenses, the Fee Award, and any incentive award to that Settlement Class's respective class representative.

(b)     Within twenty-eight (28) days of the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send settlement payments from the State-Specific Settlement Fund to Settlement Class Members with Approved Claims by electronic deposit or by check via First Class U.S. Mail to the address provided on the Claim Form, as elected by the Settlement Class Member with an Approved Claim.

(c)     Each payment issued to a Settlement Class Member by check will state on the face of the check that it will become null and void unless cashed within one hundred and eighty (180) calendar days after the date of issuance.

(d)     In the event that an electronic deposit to a Settlement Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Settlement Class Member within twenty-eight (28) days thereafter to correct the problem.

(e)     To the extent that a check issued to an Settlement Class Member is not cashed within one hundred and eighty (180) days after the date of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of

the first attempt, such funds shall revert to the respective State-Specific Settlement Fund to be distributed *pro rata* to Settlement Class Members with Approved Claims if practicable, or in a manner as otherwise directed by the Court upon application made by Class Counsel.

2.2. **Prospective Relief.**

(a)    Defendant shall not use any Settlement Class Member's identity to advertise any of Defendant's products or services. For the avoidance of doubt, Defendant shall not use any Settlement Class Member's full name in connection with any advertisement to subscribe to ZoomInfo.com's database.

(b)    Defendant shall implement the changes to its website(s) required by subsection (a) within thirty (30) days after the entry of the Final Approval Order.

3.    **RELEASE.**

Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims.

4.    **NOTICE TO THE SETTLEMENT CLASSES.**

4.1. **Settlement Class List.** Defendant shall provide the Settlement Administrator, to the extent available to Defendant, a list of all names, email addresses, and U.S. Mail addresses of all persons known to be in the Settlement Classes (the "Settlement Class List") as soon as practicable, but no later than May 24, 2024. The Settlement Administrator shall keep the Settlement Class List and all personal information obtained therefrom, including the identity and

addresses of all persons, strictly confidential. The Settlement Class List may not be used by the Settlement Administrator for any purpose other than advising specific individual class members of their rights, obtaining email and mailing addresses for providing Notice and settlement payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice.

4.2. The Notice shall consist of the following:

(a) *Direct Notice via Email.* No later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit C (for the California Settlement Class), Exhibit D (for the Illinois Settlement Class), Exhibit E (for the Indiana Settlement Class), and Exhibit F (for the Nevada Settlement Class), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is contained in the Settlement Class List. In the event that the transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(b) *Direct Notice via U.S. Mail.* No later than the Notice date, the Settlement Administrator shall, where it has identified U.S. Mail addresses, send Notice in the form of Exhibit G (for the California Settlement Class), Exhibit H (for the Illinois Settlement Class ), Exhibit I (for the Indiana Settlement Class), Exhibit J (for the Nevada Settlement Class) based on the Settlement Class to which such person belongs. Prior to sending Notice via U.S. Mail, the Settlement Administrator shall take reasonable steps to identify and/or update Settlement Class Members' U.S. Mail addresses, including updating any addresses on the Class List through the National Change of Address database, performing

a "skip trace" to attempt to identify addresses missing from the Class List, and utilizing other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class Members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings.

(c) *Reminder Notice.* Thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email along with an electronic link to the Claim Form, to all Settlement Class Members who have yet submitted a Claim Form and for whom a valid email address is available in the Settlement Class List and no "bounce-back" was received. The reminder emails shall be substantially in the form of Exhibits C–F, with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice. If the number of Claim Forms submitted by Settlement Class Members does not equal at least ten percent (10%) of each respective class, then the Settlement Administrator shall send a final reminder notice two (2) days before the Claims Deadline substantially in the form of Exhibits C–F, with minor, non-material modifications to indicate that it is a final notice.

(d) *Settlement Website.* Within seven (7) days after Preliminary Approval, Notice shall be provided on the Settlement Website. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit B hereto.

(e) *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after this Agreement is filed with the Court, Defendant shall cause to be served upon the Attorney General of the United States and all appropriate State officials notice of the proposed settlement as required by law. Defendant shall certify compliance to the Court.

4.3.     The Notice shall also advise Settlement Class Members of their rights under the Settlement, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the person making an objection files notice of his or her intention to do so and at the same time: (a) files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, and (c) sends copies of such papers via email, mail, hand, or overnight delivery service to both Class Counsel and Defendant's Counsel.

4.4.     **Right to Object.** Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (a) the person's full name and current address; (b) a statement that he or she believes himself or herself to be a member of the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, or the Nevada Settlement Class; (c) whether the objection applies only to the objector, to a specific subset of the objector's respective class, or to the entirety of the objector's class; (d) the specific grounds for the objection; (e) all documents or writings that the person desires the Court to consider; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance

or seek *pro hac vice* admission). All written objections must be filed with the Court or postmarked, emailed, or delivered to the Settlement Administrator, Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

4.5. **Right to Request Exclusion.** Any Settlement Class Member may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Ramos, et al. v. ZoomInfo Technologies LLC*, No. 21-cv-02032 (N.D. Ill.); (c) identify if the person seeking exclusion is a member of the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, or the Nevada Settlement Class; (d) state the full name and current address of the person seeking exclusion; (e) be signed by the person(s) seeking exclusion; and (f) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the settlement in *Ramos, et al. v. ZoomInfo Technologies LLC*, No. 21-cv-02032 (N.D. Ill.)." A request for exclusion that does not include

all of the foregoing information, that is sent to an address or email address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain a Settlement Class Member and shall be bound by this Settlement Agreement, if approved. Any person who elects to request exclusion from a Settlement Class shall not (a) be bound by any orders or the Final Approval Order, (b) receive a settlement payment under this Agreement, (c) gain any rights by virtue of this Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order or Alternative Approval Order. No person may request to be excluded from a Settlement Class through "mass" or "class" opt-outs, meaning that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

## 5. SETTLEMENT ADMINISTRATION.

5.1.    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the

Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the State-Specific Settlement Funds paid on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     receive exclusion forms and other requests from Settlement Class Members and promptly provide a copy of such requests to Class Counsel and Defendant's Counsel upon receipt. If the Settlement Administrator receives any exclusion forms or other requests from the Settlement Class after the Objection/Exclusion Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(b)     provide weekly reports to Class Counsel and Defendant's Counsel, including, without limitation, reports regarding the number of Claim Forms received, the current number approved by the Settlement Administrator at that time from each of the Settlement Classes, and the number of opt-outs received;

(c)     make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice;

(d)     pay all Approved Claims according to the terms of this Settlement Agreement;

(e)     make all tax filings related to the Escrow Accounts, including making any required "information returns" as that term is used in 26 U.S.C. § 1, *et seq.* Neither Class

Counsel nor Defendant makes any representations regarding the tax treatment of the Escrow Account, State-Specific Settlement Funds or any portion thereof; and

    (f)    respond to questions about the Settlement from Settlement Class Members.

5.2.    The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator, after consultation with Class Counsel, shall reject Claim Forms where there is evidence of abuse or fraud.

5.3.    The Settlement Administrator shall reject any Claim Form that does not contain all requested information. The Settlement Administrator shall provide the individual with an opportunity to cure any deficient Claim Form within twenty-one (21) days after notice to such individual. If the individual fails to cure within the required time, the claim shall be rejected.

5.4.    In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6. TERMINATION OF SETTLEMENT, CONFIRMATORY DISCOVERY, AND POTENTIAL UPWARD ADJUSTMENT OF STATE-SPECIFIC SETTLEMENT FUNDS.

6.1.    **Termination.** Subject to Paragraph 9 below, the Class Representatives (on behalf of any Settlement Class) or Defendant shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties within fourteen (14) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Approval Order in any material respect; (iv) the date upon which the Final Approval Order is modified or reversed

in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Approval Order, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2. **Settlement Class Membership and Confirmatory Discovery.** The sizes of the Settlement Classes are subject to confirmatory discovery. ZoomInfo will use, and membership in the final Settlement Classes will be conclusively determined by application of, the same query methodology that ZoomInfo used during discovery and to create the class size estimates in preparation for mediation, applied across the time periods in the respective definitions of each of the Settlement Classes. ZoomInfo will state the query methodology in the confirmatory discovery. This confirmatory discovery shall be completed no later than May 24, 2024.

6.3. **Adjustment of State-Specific Settlement Funds.** If the confirmatory discovery shows that there are more than 555,208 California Settlement Class Members, the amount of the California Settlement Fund shall increase by $22.50 per California Settlement Class Member above 555,208. If the confirmatory discovery shows that there are more than 321,384, Illinois Settlement Class Members, the amount of the Illinois Settlement Fund shall increase by $30.00 per Illinois Settlement Class Member above 321,384. If the confirmatory discovery shows that there are more than 76,736 Indiana Settlement Class Members, the amount of the Indiana Settlement Fund shall increase by $30.00 per Indiana Settlement Class Member above 76,736. If the confirmatory discovery shows that there are more than 59,158 Nevada Settlement Class Members, the amount of the Nevada Settlement Fund shall increase by $22.50 per Nevada Settlement Class Member above 59,158.

7. **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

7.1. **Preliminary Approval.** Following the execution of this Settlement Agreement,

Class Counsel shall submit this Agreement together with its exhibits to the Court and shall move the Court for entry of Preliminary Approval of the settlement set forth in this Agreement, which shall include, among other provisions, a request that the Court:

      (a)     appoint Class Counsel and the Class Representatives;

      (b)     certify the Settlement Classes for settlement purposes only and/or find that the Settlement Classes are likely to be certified for purposes of entering the Final Approval Order under Federal Rule of Civil Procedure 23;

      (c)     preliminarily approve this Agreement for purposes of disseminating Notice to the Settlement Class Members;

      (d)     approve the form and contents of the Notice, the Claim Form, as well as the method of dissemination;

      (e)     schedule a Final Approval Hearing after the expiration of the CAFA notice period to review any comments and/or objections regarding this Agreement; to consider its fairness, reasonableness and adequacy; to consider the application for an award of attorneys' fees, incentive awards to the Class Representatives, and reimbursement of expenses; and to consider whether the Court shall issue a Final Approval Order approving this Agreement, confirming the certification of the Settlement Classes, and dismissing the Action with prejudice.

7.2     Promptly after obtaining leave to file an amended complaint in the Action to include the claims alleged in the Additional Litigation, Plaintiffs' counsel shall seek to dismiss the Additional Litigation without prejudice.

7.3     **Final Approval.** After Notice is given, Class Counsel shall move the Court for a Final Approval Order, which shall include, among other provisions, a request that the Court:

(b)    find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached exhibits;

(c)    approve the Settlement Agreement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members;

(d)    direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions;

(e)    find that the Notice implemented pursuant to the Settlement Agreement: (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Settlement and their rights to object to or in the case of Settlement Class Members to exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(f)    finally certify or confirm certification of the Settlement Classes under Federal Rule of Civil Procedure 23, finding that the Class Representatives and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Agreement;

(g)    dismiss this Action on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

(h)    incorporate the Release set forth above in Paragraph 3.1, make the Release

27

effective as of the date of the Final Approval Order, and forever discharge the Released Parties as set forth herein;

(i)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) that shall be consistent in all material respects with the Final Approval Order; and

(j)     without affecting the finality of the Final Approval Order, stating that the Parties will submit to the jurisdiction of the Court as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose, to the extent a subsequent action is necessary to effectuate such purpose.

7.4     **Cooperation.** The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 8.     CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.

8.1     Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred as the Fee Award from the State-Specific Settlement Funds. The amount of the Fee Award shall be determined by the Court based on a petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees and unreimbursed costs to thirty-five percent (35%) of the total value of the State-Specific Settlement Funds, to be paid proportionally from each and after proportional Settlement Administration Expenses and incentive awards are deducted. Defendant may challenge the amounts requested. Should the Court award less than the amount sought by Class

Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the State-Specific Settlement Funds and be distributed to class members as settlement payments.

8.2     The Fee Award shall be payable within seven (7) days after entry of the Court's Final Approval Order to any Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking"), attached hereto as Exhibit K, and providing relevant payment routing information, tax I.D. numbers, and necessary forms to the Settlement Administrator. If for any reason the Final Approval Order is reversed or rendered void as a result of an appeal(s), then any persons or firms who shall have received such funds shall be jointly and severally liable for payments made pursuant to this subparagraph, and shall return such funds to the Settlement Fund. Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exit prior to the final payment to Settlement Payment Class Members, those parties shall execute a new Undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence. Payment of any amount of the Fee Award to Class Counsel not executing an Undertaking shall be paid the Fee Award by the Settlement Administrator within five (5) business days after the Effective Date and after the receipt of payment instructions and tax forms from such firm.

8.3     In addition to any payment to which they may be entitled under this Agreement, and in recognition of the time and effort they expended on behalf of the Settlement Classes, the Parties agree that, subject to the Court's approval, the Plaintiffs shall each be entitled to an incentive award as follows: seven hundred fifty dollars ($750) to the California Settlement Class Representative; one thousand dollars ($1,000) to the Illinois Settlement Class Representative; one thousand dollars ($1,000) to the Indiana Settlement Class Representative; and seven hundred

fifty dollars ($750) to the Nevada Settlement Class Representative. Each incentive award, as determined by the Court, shall be paid from their respective State-Specific Settlement Fund within seven (7) days after the Effective Date. Payment of the incentive awards shall be made via check made out to each class representative, sent in care of Class Counsel.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs:

(a)    this Agreement has been signed by the Parties and Class Counsel;

(b)    the Court has entered an order granting Preliminary Approval of the Agreement;

(c)    the Court has entered a Final Approval Order finally approving the Agreement, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable, following Notice and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure; and

(d)    in the event that the Court enters an approval order and final judgment in a form other than that provided above ("Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and unappealable.

9.2.    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in

substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the incentive award to the Class Representatives, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3.    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 9.1, or 9.2, the Parties shall be restored to their respective positions in the Action as of the date this Agreement is fully executed. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, as if this Agreement had never been entered into.

9.4.    In the event the Settlement is terminated or fails to become effective for any reason, the Settlement Fund, together with any earnings thereon at the same rate as earned, less any taxes paid or due, and less Settlement Administrative Expenses actually incurred and paid or payable from the Settlement Funds, shall be returned to Defendant within thirty (30) calendar days after written notification of such event, in accordance with instructions provided by Defendant's Counsel to the Settlement Administrator.

## 10.    MISCELLANEOUS PROVISIONS.

10.1.    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of Preliminary Approval and the Final Approval Order, and promptly to

agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2.    Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery, and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid, and binding obligation.

10.3.    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Releasing Parties, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action were brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.4.    The Parties have relied upon the advice and representation of their respective counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5.    Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Settlement Agreement nor the terms contained herein, nor any court order, communication, act performed, or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

(a)      is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them as an admission, concession, or evidence of the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of any of the State-Specific Settlement Funds or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)      is, may be deemed, or shall be used, offered, or received against Defendant as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)      is, may be deemed, or shall be used, offered, or received against Plaintiffs or the Settlement Classes, or each or any of them as an admission, concession, or evidence of the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the

33

provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in the Additional Litigation or in any action that may be brought against such parties, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

(e)     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Classes, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(f)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Classes, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6.   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7.   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.8.   All of the exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9.    This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10.   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action or related cases mentioned herein.

10.11.   Plaintiffs represents and warrants that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12.   Each counsel or other person executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.13.   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.14.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.15.   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.16.   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.17.   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

| **If to Class Counsel:** | **If to Defendant's Counsel:** |
|---|---|
| Michael W. Ovca | Martin L. Roth |
| movca@edelson.com | rothm@kirkland.com |
| Edelson P.C. | Kirkland & Ellis LLP |
| 350 North LaSalle Street, 14th Floor | 300 North LaSalle Street |
| Chicago, Illinois 60654 | Chicago, Illinois 60654 |

[SIGNATURES APPEAR ON THE FOLLOWING PAGE.]

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**KAITLIN BROOKS,** individually and on behalf of the California Settlement Class,

Dated: 27/03/2024

By: _____

**JOSELYN RAMOS,** individually and on behalf of the Illinois Settlement Class,

Dated: _____

By: _____

**CARL FLORIAN,** individually and on behalf of the Indiana Settlement Class,

Dated: 27/03/2024

By: *Carl Florian* _____
Carl Florian (Mar 27, 2024 16:06 EDT)

**FRANCIS LAURITZEN,** individually and on behalf of the Nevada Settlement Class,

Dated: 27/03/2024

By: *Francis Lauritzen* _____
Francis Lauritzen (Mar 27, 2024 09:43 PDT)

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _____

By: _____

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiffs

Dated: _____

By: _____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**KAITLIN BROOKS,** individually and on behalf of the California Settlement Class,

Dated: _____     By: _____

**JOSELYN RAMOS,** individually and on behalf of the Illinois Settlement Class,

Dated: 3/27/2024     By: _____

**CARL FLORIAN,** individually and on behalf of the Indiana Settlement Class,

Dated: _____     By: _____

**FRANCIS LAURITZEN,** individually and on behalf of the Nevada Settlement Class,

Dated: _____     By: _____

**EDELSON PC**
Attorneys for Plaintiffs

Dated: 3/27/2024     By: /s/ J. Eli Wade-Scott _____

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiffs

Dated: _____     By: _____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**KAITLIN BROOKS,** individually and on behalf of the California Settlement Class,

Dated: _____          By: _____

**JOSELYN RAMOS,** individually and on behalf of the Illinois Settlement Class,

Dated: _____          By: _____

**CARL FLORIAN,** individually and on behalf of the Indiana Settlement Class,

Dated: _____          By: _____

**FRANCIS LAURITZEN,** individually and on behalf of the Nevada Settlement Class,

Dated: _____          By: _____

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _____          By: _____

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiffs

Dated: _____          By: _____

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**KAITLIN BROOKS,** individually and on behalf of the California Settlement Class,

Dated: _____        By: _____

**JOSELYN RAMOS,** individually and on behalf of the Illinois Settlement Class,

Dated: _____        By: _____

**CARL FLORIAN,** individually and on behalf of the Indiana Settlement Class,

Dated: _____        By: _____

**FRANCIS LAURITZEN,** individually and on behalf of the Nevada Settlement Class,

Dated: _____        By: _____

**EDELSON PC**
Attorneys for Plaintiffs

Dated: _____        By: _____

**BURSOR & FISHER, P.A.**
Attorneys for Plaintiffs

Dated: 3/25/24        By: Philip Fraietta
Digitally signed by Philip Fraietta
Date: 2024.03.25 20:43:26 -05'00'

37

**ZOOMINFO TECHNOLOGIES LLC**

Dated: 26 March 2024 | 1:28:39 PM PDT    By: _____

Its: _____
                    General Counsel

**KIRKLAND & ELLIS LLP**
Attorneys for Defendant

Dated: _____    By: _____

**ZOOMINFO TECHNOLOGIES LLC**

Dated: _____          By: _____

                                Its: _____


**KIRKLAND & ELLIS LLP**
Attorneys for Defendant

Dated: _____          By: Martin Roth _____  Digitally signed by Martin Roth
                                                          Date: 2024.03.25 15:15:52 -05'00'

# Exhibit A

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.)

**ONLINE CLAIM FORM**

***Instructions:*** You may be eligible for a payment as part of the Settlement for this case. Fill out each section of this form and sign where indicated. Please select whether you prefer to receive payment through Venmo, Zelle, or a check. If you opt for payment via check and your Claim Form is approved, you will receive a check in the mail at the address you provide below. THIS CLAIM FORM MUST BE SUBMITTED BY [**CLAIMS DEADLINE**] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

The Settlement Administrator will review your Claim Form. If accepted, you will receive payment for an equal, or *pro rata*, share of the settlement fund for your state depending on the number of valid Claim Forms received. This process takes time; please be patient.

| First Name | Last Name | |
|---|---|---|
| **Street Address** | | |
| **City** | **State** | **ZIP Code** |
| **Email Address** | | |
| **Contact Phone #:** (You may be contacted if further information is required) | | |

***Select Payment Method.*** Select the box of how you would like to receive your payment and provide the requested information:

- Check
- Venmo®
- Zelle®

[Based on the selection, the claimant will be prompted to provide the information the Settlement Administrator requires to complete the payment]

☑ By checking this box I affirm that I was a resident of [Dropdown to select California, Illinois, Indiana, or Nevada] and submit this claim form in connection with that state's Settlement Class.

E- Signature:_____       Date:_____/_____/_____

Exhibit B

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**IF YOU LIVE IN CALIFORNIA, ILLINOIS, INDIANA, OR NEVADA AND SOMEONE SEARCHED YOUR NAME ON ZOOMINFO.COM**

**YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT**

*Don't worry, you are <u>not</u> being sued. This is an official court notice, <u>not</u> an ad for a lawyer.*

- A Settlement has been reached in a class action lawsuit between people from certain U.S. States and ZoomInfo Technologies, LLC ("ZoomInfo" or "Defendant"). ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that ZoomInfo violated these states' right of publicity laws when it used individuals' full names, business addresses, work history, job title, partial business phone number and work email address, and other identifying information to advertise or promote subscriptions to ZoomInfo's website. ZoomInfo denies that it violated any law. The Court has not decided who is right or wrong.

- If you received a notice of the Settlement in the mail or by email, our records indicate that you are included in the Settlement, and you may submit a claim form online or by mail to receive a payment through Venmo, Zelle, or a check. Those included in the Settlement (i) had a California, Illinois, Indiana, or Nevada address, and (ii) were displayed in a preview page on ZoomInfo.com and viewed for the first time between certain dates.

- If the Court approves the Settlement, members of the Settlement Classes who submit approved claims will receive an equal share of a settlement fund that ZoomInfo will establish for each state, after all notice and administration costs, incentive award, and attorneys' fees have been paid. Individual payments are expected to be as follows for each state: California, $$$ to $$$; Illinois, $$$ to $$$; Indiana, $$$ to $$$; and Nevada, $$$ to $$$. These payments could be more or less than these amounts depending on the number of approved claims submitted. ZoomInfo has also agreed to prospective relief: ZoomInfo will not use any Settlement Class Member's identity to advertise any of ZoomInfo's products or services.

- Please read this notice carefully. Your legal rights are affected whether you act or don't act.

QUESTIONS? VISIT WWW.(TOBEDETERMINED).COM

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. You must submit a complete and valid claim form either online or by mail by [**Claims Deadline**]. |
| **DO NOTHING** | You will receive no payment under the Settlement and give up your rights to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue ZoomInfo about the claims addressed in the Settlement. If you don't want to be a part of the Settlement, you must submit a request to be excluded by [**Objection/Exclusion Deadline**]. |
| **OBJECT** | Write to the Court explaining why you don't like any part of the Settlement by [**Objection/Exclusion Deadline**]. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice. The Court in charge of this case must still decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

| 1. | What is this notice and why should I read it? |
|---|---|

The Court authorized this notice to let you know about a proposed Settlement with ZoomInfo. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Charles P. Kocoras of the United States District Court for the Northern District of Illinois is overseeing this class action. The case is called *Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.).

| 2. | What is a class action lawsuit? |
|---|---|

A class action is a lawsuit in which an individual or individuals called the "Class Representative" bring a single lawsuit on behalf of other people who have similar legal claims. All of these people together are a "Class" or "Class Members." Once a Settlement Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. | What is this lawsuit about? |
|---|---|

ZoomInfo runs a website that provides directory services, including various information about people. Individuals can search a person's name, which results in a preview with information potentially related to the person searched. This preview can include individuals' full names, business addresses, work history, job title, partial business phone number and work email address, and other identifying information. This preview can also contain a free trial offer for ZoomInfo's directory or an offer to sign up for a free version of ZoomInfo's directory. Certain state laws, including in California, Illinois, Indiana, and Nevada, prohibit using a person's name or other identifying information to advertise, promote, or in connection with an offer for sale any of its products or services without prior written consent. The lawsuit alleges that ZoomInfo violated these laws by allegedly displaying individual's identifying information on its website's preview pages and offering to the searcher a free trial to ZoomInfo's directory. These state laws permit damages for each violation of their right of publicity law. ZoomInfo denies that it violated any law.

More information about Plaintiffs' complaint in the lawsuit and the Defendant's defenses can be found in the "Court Documents" section of the Settlement Website at www.tbd.com.

| 4. | Who is included in the Settlement Class? |
|---|---|

You are a member of a Settlement Class if you are in one of the groups below:

California Settlement Class: You were a California resident whose name was displayed in a preview page viewed for the first time on ZoomInfo.com between January 9, 2020 and [date this Settlement is fully executed].

Illinois Settlement Class: You were an Illinois resident whose name was displayed in a preview page viewed for the first time on ZoomInfo.com between April 15, 2020 and [date this Settlement is fully executed].

Indiana Settlement Class: You were an Indiana resident whose name was displayed in a preview page viewed for the first time on ZoomInfo.com between [two years before date Settlement executed] and [date this Settlement is fully executed].

Nevada Settlement Class: You were a Nevada resident whose name was displayed in a preview page viewed for the first time on ZoomInfo.com between [two years before date Settlement executed] and [date this Settlement is fully executed].

If you received a notice of the Settlement via email or in the mail, our records indicate that you are a Settlement Class Member and are included in the Settlement. You may call or email the Settlement Administrator at [phone number] or [email address] to ask whether you are a Settlement Class Member.

## THE SETTLEMENT BENEFITS

| 5. | What does the Settlement provide? |
|----|-----------------------------------|

**Cash Payments.** If you're eligible, you can file a claim to receive a cash payment. The amount of the payment will depend on a variety of factors, including which state's class you are in. The amount provided differs because each state's laws allow for different amounts of damages to be awarded for violation of their right of publicity laws. Your payment will also depend on how many claims are filed in your state. The settlement creates four State-Specific Settlement Funds amounting to the following amounts: California, $$$; Illinois, $$$; Indiana, $$$; and Nevada, $$$. Each of these amounts is subject to an upward adjustment based on the total number of individuals in each state's Settlement Class.

Class Counsel estimates individual payments for each state as follows: California, $$$ to $$$; Illinois, $$$ to $$$; Indiana, $$$ to $$$; and Nevada, $$$ to $$$. These settlement payments will be an equal share of each State-Specific Settlement Fund after the payment of settlement expenses, attorneys' fees, and any incentive award for the Class Representatives, as approved by the Court.

**Prospective Relief.** Under the Settlement, ZoomInfo has agreed not to use any Settlement Class Member's identity to advertise any of ZoomInfo's products or services after the Effective Date, and to refrain from doing so for a period of three years.

## HOW TO GET SETTLEMENT BENEFITS

| 6. | How do I get a payment? |
|----|-------------------------|

If you are a Settlement Class Member and you want to get a payment, you must complete and submit a Claim Form by [Claims Deadline]. If you received an email notice, it contained a link to the online Claim Form, which is also available on this website here [Claim Form Link] and can be filled out and submitted online. The online claim form lets you select to receive your payment by Venmo, Zelle, or check. A paper Claim Form with pre-paid postage was attached to the postcard notice you may have received in the mail. If you send in a paper Claim Form and it is approved, you will receive a check by mail. By participating in the settlement you will be bound by all orders and judgments of the Court.

| 7. | When will I get my payment? |
|----|-----------------------------|

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the Settlement and there are no appeals, Class Members whose claims

were approved by the Settlement Administrator will be issued a check or electronic payment (as chosen by the Class Member) within 28 days after the Settlement Effective Date. Please be patient. Uncashed checks and electronic payments that are unable to be completed will expire and become void 180 days after they are issued and will revert to the Settlement Fund to be distributed *pro rata* to claiming Settlement Class Members or in a manner as otherwise directed by the Court upon application made by Class Counsel.

## THE LAWYERS REPRESENTING YOU

| 8. | Do I have a lawyer in the case? |
|---|---|

Yes, the Court has appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as the attorneys to represent you and other Settlement Class Members. These attorneys are called "Class Counsel." Class Counsel can be reached by calling (XXX) XXX-XXXX .

| 9. | Should I get my own lawyer? |
|---|---|

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

| 10. | How will the lawyers and Class Representatives be paid? |
|---|---|

Class Counsel will ask the Court for attorneys' fees and expenses of up to 35% of each State-Specific Settlement Fund, after first deducting Settlement Administration Expenses and any incentive awards to the Class Representatives. Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and incentive awards on [date 2 weeks before Objection / Exclusion deadline].

Class Counsel will also request an incentive award for each Class Representative from the State-Specific Settlement Fund associated with the class they represent as follows: California, $750; Illinois, $1,000; Indiana, $1,000; and Nevada, $750. If the Settlement is finally approved, the Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any incentive award to the Class Representatives. The Court may award less than the amounts requested.

## YOUR RIGHTS AND OPTIONS

| 11. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will receive no money from the Settlement Fund, but you will still be bound by all orders and judgments of the Court. Unless you exclude yourself from the Settlement, you will not be able to file or continue a lawsuit against ZoomInfo or the other Released Parties regarding any of the Released Claims. **Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.**

To submit a Claim Form, or for information on how to request exclusion from the

Settlement Class or file an objection, please visit the Settlement Website, www.tbd.com. You may also call (XXX) XXX-XXXX for more information about the Settlement.

| **12.** | **What happens if I ask to be excluded?** |
|---|---|

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense.

| **13.** | **How do I ask to be excluded?** |
|---|---|

You can mail or email a letter stating that you want to be excluded from the Settlement. Your letter must: (a) be in writing; (b) identify the case name, *Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.); (c) identify if the person seeking exclusion is a member of the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, or the Nevada Settlement Class; (d) state the full name and current address of the person seeking exclusion (e) be signed by the person(s) seeking exclusion; and (f) be postmarked or received by the Settlement Administrator on or before [Objection/Exclusion Deadline]. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.)." You must mail or e-mail your exclusion request no later than [Objection/Exclusion Deadline] to:

Ramos, et al. v. ZoomInfo Technologies, LLC Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

-or-

[email address]

You can't exclude yourself over the phone. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. This means that each individual who seeks to exclude themselves must send an individual, separate request to the Settlement Administrator that complies with each of the requirements listed above.

| **14.** | **If I don't exclude myself, can I sue ZoomInfo for the same thing later?** |
|---|---|

No. Unless you exclude yourself, you give up any right to sue ZoomInfo and any other Released Party for the claims being resolved by this Settlement.

| **15.** | **If I exclude myself, can I get anything from this Settlement?** |
|---|---|

No. If you exclude yourself, you will not receive a payment.

| 16. | How do I object to the Settlement? |
|---|---|

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. To object, you must file a letter or brief with the court stating that you object to the Settlement in *Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.) no later than [objection/exclusion deadline]. Your objection must be e-filed or delivered to the court at the following address:

Clerk of the United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street Chicago, Illinois 60604

Filing instructions for *pro se* litigants can be found here.

The objection must be in writing, must be signed by the objector, and must include the following information: (a) your full name and current address; (b) a statement that you believe you are a member of the California Settlement Class, the Illinois Settlement Class, the Indiana Settlement Class, or the Nevada Settlement Class; (c) whether the objection applies only to the objector, to a specific subset of the objector's respective Settlement Class, or to the entirety of the objector's Settlement Class; (d) the specific grounds for your objection; (e) all documents or writings that you wish the Court to consider; (f) the name and contact information of any attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (g) a statement indicating whether you intend to appear at the Final Approval Hearing.

If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the objection by the objection deadline of [Objection/Exclusion Deadline]. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court, by no later than [Objection/Exclusion Deadline], you must send via mail, email, or delivery service copies of your objection and any supporting documents to both Class Counsel and Defendant's lawyers at the addresses listed below:

| Class Counsel | Defendant's Counsel |
|---|---|
| Michael W. Ovca | Martin L. Roth |
| movca@edelson.com | rothm@kirkland.com |
| Edelson PC | |
| 350 North LaSalle Street, 14th Floor | Kirkland & Ellis LLP |
| Chicago, Illinois 60654 | 3000 North LaSalle Street |
| | Chicago, Illinois 60654 |

Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and incentive awards on [date 2 weeks before Objection / Exclusion deadline].

| 17. | What's the difference between objecting and excluding myself from the Settlement? |
|---|---|

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you.

THE COURT'S FINAL APPROVAL HEARING

| 18. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. **At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.**

**Note:** The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the settlement website, www.tbd.com.

| 19. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria required and described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

| 20. | May I speak at the Final Approval Hearing? |
|---|---|

Yes. If you do not exclude yourself, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement. If you filed an objection (*see* Question 16 above) and intend to appear at the Final Approval Hearing, you must state your intention to do so in your objection.

GETTING MORE INFORMATION

| 21. | Where do I get more information? |
|---|---|

This notice summarizes the proposed Settlement. More details, including the Settlement Agreement and other documents are available at www.tbd.com or at the Clerk's Office in the

Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays. You can also contact Class Counsel at (XXX) XXX-XXXX with any questions.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, THE DEFENDANT, OR THE DEFENDANT'S LAWYERS WITH QUESTIONS ABOUT THE SETTLEMENT OR DISTRIBUTION OF SETTLEMENT PAYMENTS**

Exhibit C

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.)

**OUR RECORDS INDICATE SOMEONE VIEWED YOUR NAME ON ZOOMINFO.COM BETWEEN JANUARY 9, 2020 AND [DATE OF EXECUTION]. IF YOU LIVED IN CALIFORNIA, YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are not being sued. This is not an ad for a lawyer.*

*For more information, visit www.tbd.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in California and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo"). ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business address, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you may be included in the California Settlement Class. The California Settlement Class includes all California residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between January 9, 2020 and the [date of execution of the settlement agreement].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of a $$$ fund that Defendant agreed to create for the California Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**How do I get my payment?** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.tbd.com and download a paper Claim Form and submit it by mail. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. ***All Claim Forms must be submitted online or postmarked by [Claims Deadline].***

**What are my options?** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and

you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. ***All Requests for Exclusion or Objections must be received by [Objection/Exclusion Deadline].***

**Do I have a lawyer?** Yes. The Court appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other California Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Kaitlin Brooks—a class member like you—to represent the California Settlement Class.

**When will the Court approve the settlement?** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the California Settlement Fund and an incentive award of $750 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

Exhibit D

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.)

**OUR RECORDS INDICATE SOMEONE VIEWED YOUR NAME ON ZOOMINFO.COM BETWEEN APRIL 15, 2020 AND [DATE OF EXECUTION]. IF YOU LIVED IN ILLINOIS, YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*

*For more information, visit www.tbd.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in Illinois and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo"). ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business address, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**<u>Who is included in the Settlement Class?</u>** Our records indicate that you may be included in the Illinois Settlement Class. The Illinois Settlement Class includes all Illinois residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between April 15, 2020 and the [date of execution of the settlement agreement].

**<u>What can I get out of the Settlement?</u>** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of a $$$ fund that Defendant agreed to create for the Illinois Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**<u>How do I get my payment?</u>** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.tbd.com and download a paper Claim Form and submit it by mail. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. ***All Claim Forms must be submitted online or postmarked by [Claims Deadline].***

**<u>What are my options?</u>** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and

you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at <mark>www.[tbd.com</mark>]. ***All Requests for Exclusion or Objections must be received by [<mark>Objection/Exclusion Deadline</mark>].***

**<u>Do I have a lawyer?</u>** Yes. The Court appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other Illinois Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Joselyn Ramos—a class member like you—to represent the Illinois Settlement Class.

**<u>When will the Court approve the settlement?</u>** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Illinois Settlement Fund and an incentive award of $1,000 to the Class Representative. The request will be posted on the Settlement Website by [<mark>two weeks prior to Objection/Exclusion Deadline</mark>].

Exhibit E

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.)

### OUR RECORDS INDICATE SOMEONE VIEWED YOUR NAME ON ZOOMINFO.COM BETWEEN [TWO YEARS PRIOR TO EXECUTION DATE] AND [DATE OF EXECUTION]. IF YOU LIVED IN INDIANA, YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*This is an official court notice. You are <u>not</u> being sued. This is <u>not</u> an ad for a lawyer.*

*For more information, visit www.tbd.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in Indiana and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo"). ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business address, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**<u>Who is included in the Settlement Class?</u>** Our records indicate that you may be included in the Indiana Settlement Class. The Indiana Settlement Class includes all Indiana residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between [two years prior to execution date] and the [date of execution of the settlement agreement].

**<u>What can I get out of the Settlement?</u>** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of a $$$ fund that Defendant agreed to create for the Indiana Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**<u>How do I get my payment?</u>** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.tbd.com and download a paper Claim Form and submit it by mail. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. ***All Claim Forms must be submitted online or postmarked by [Claims Deadline].***

**<u>What are my options?</u>** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. ***All Requests for Exclusion or Objections must be received by [Objection/Exclusion Deadline].***

**<u>Do I have a lawyer?</u>** Yes. The Court appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other Indiana Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Carl Florian—a class member like you—to represent the Indiana Settlement Class.

**<u>When will the Court approve the settlement?</u>** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Indiana Settlement Fund and an incentive award of $1,000 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

Exhibit F

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Legal Notice of Proposed Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Ramos, et al. v. ZoomInfo Technologies, LLC*, No. 21-cv-02032 (N.D. Ill.)

**OUR RECORDS INDICATE SOMEONE VIEWED YOUR NAME ON ZOOMINFO.COM BETWEEN [TWO YEARS PRIOR TO EXECUTION DATE] AND [DATE OF EXECUTION]. IF YOU LIVED IN NEVADA, YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*This is an official court notice. You are not being sued. This is not an ad for a lawyer.*

*For more information, visit www.tbd.com.*

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in Nevada and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo"). ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business address, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you may be included in the Nevada Settlement Class. The Nevada Settlement Class includes all Nevada residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between [two years prior to execution date] and the [date of execution of the settlement agreement].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of a $$$ fund that Defendant agreed to create for the Nevada Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**How do I get my payment?** Just complete and verify the short and simple Claim Form online at [Claim Form Link], or you can visit www.tbd.com and download a paper Claim Form and submit it by mail. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. ***All Claim Forms must be submitted online or postmarked by [Claims Deadline].***

**What are my options?** You can do nothing, comment on or object to any of the Settlement's

terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. ***All Requests for Exclusion or Objections must be received by [Objection/Exclusion Deadline].***

**<u>Do I have a lawyer?</u>** Yes. The Court appointed lawyers from the law firms Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other Nevada Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Francis Lauritzen—a class member like you—to represent the Nevada Settlement Class.

**<u>When will the Court approve the settlement?</u>** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Nevada Settlement Fund and an incentive award of $750 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

Exhibit G

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

**OUR RECORDS INDICATE
SOMEONE SEARCHED
YOUR NAME ON
ZOOMINFO.COM
BETWEEN JANUARY 9,
2020 AND [DATE OF
EXECUTION]. IF YOU
LIVED IN CALIFORNIA,
YOU CAN CLAIM A
PAYMENT FROM A CLASS
ACTION SETTLEMENT.**

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

||||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St» «Zip» «Country»

By Order of the Court Dated: [date]

**XXX**

---

### CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST
BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo or
Zelle, you must submit a Claim Form online on the Settlement Website at www.tbd.com. If you submit this paper Claim
Form by mail and it is approved, you will receive a check in the mail at the address you provide below.

Name (First, M.I., Last): _____    _____    _____

Street Address: _____

City: _____    State: ____ ____    Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ − ___ ___ ___ ___ (You may be contacted if further information is required.)

[ ] By checking this box I affirm that I was a resident of California between January 9, 2020 and [date of execution] and
submit this claim form as a member of the California Settlement Class.

Signature: _____    Date: ___ ___ / ___ ___ / ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check payment for an equal
share of your state's State-Specific Settlement Fund based on the number of valid Claim Forms received and after first
deducting Settlement Administration Expenses, any Fee Award, and any incentive award to the California Settlement Class
Representative, as approved by the Court. This process takes time; please be patient.

**Questions, visit www.tbd.com or call [toll free number]**

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in California and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo") ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business addresses, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you may be included in the California Settlement Class. The California Settlement Class includes all California residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between January 9, 2020 and the [date of execution of the settlement agreement].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of a $$$ fund that Defendant agreed to create for the California Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www.tbd.com, and submit a Claim Form online. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my options?** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. *All Requests for Exclusion or Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes. The Court appointed lawyers from Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other California Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Kaitlin Brooks—a class member like you—to represent the California Settlement Class.

**When will the Court approve the Settlement?** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the California Settlement Fund and an incentive award of $750 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

---

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

Exhibit H

---

COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**OUR RECORDS INDICATE SOMEONE SEARCHED YOUR NAME ON ZOOMINFO.COM BETWEEN APRIL 15, 2020 AND [DATE OF EXECUTION]. IF YOU LIVED IN ILLINOIS, YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

XXX

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class Mail
US Postage Paid
Permit #__

Postal Service: Please do not mark barcode

XXX—«ClaimID»   «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

---

**CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo or Zelle, you must submit a Claim Form online on the Settlement Website at www.tbd.com. If you submit this paper Claim Form by mail and it is approved, you will receive a check in the mail at the address you provide below.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

[ ] By checking this box I affirm that I was a resident of Illinoi between April 15, 2020 and [date of execution] and submit this claim form as a member of the Illinois Settlement Class.

Signature: _____   Date: ___ ___ / ___ ___ / ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check payment for an equal share of your state's State-Specific Settlement Fund based on the number of valid Claim Forms received and after first deducting Settlement Administration Expenses, any Fee Award, and any incentive award to the Illinois Settlement Class Representative, as approved by the Court. This process takes time; please be patient.

**Questions, visit www.tbd.com or call [toll free number]**

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in Illinois and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo") ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business addresses, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you may be included in the Illinois Settlement Class. The Illinois Settlement Class includes all Illinois residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between April 15, 2020 and the [date of execution of the settlement agreement].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of a $$$ fund that Defendant agreed to create for the Illinois Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www.tbd.com, and submit a Claim Form online. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my options?** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. *All Requests for Exclusion or Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes. The Court appointed lawyers from Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other Illinois Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Joselyn Ramos—a class member like you—to represent the Illinois Settlement Class.

**When will the Court approve the Settlement?** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Illinois Settlement Fund and an incentive award of $1,000 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

---

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

Exhibit I

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

**OUR RECORDS INDICATE
SOMEONE SEARCHED
YOUR NAME ON
ZOOMINFO.COM
BETWEEN [TWO YEARS
BEFORE EXECUTION] AND
[DATE OF EXECUTION]. IF
YOU LIVED IN INDIANA,
YOU CAN CLAIM A
PAYMENT FROM A CLASS
ACTION SETTLEMENT.**

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000



Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

First-Class
Mail
US Postage
Paid
Permit #___

**XXX**

---

**CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST
BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo or
Zelle, you must submit a Claim Form online on the Settlement Website at www.tbd.com. If you submit this paper Claim
Form by mail and it is approved, you will receive a check in the mail at the address you provide below.

Name (First, M.I., Last): _____    _____    _____

Street Address: _____

City: _____    State: ____ ____    Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___ (You may be contacted if further information is required.)

[ ] By checking this box I affirm that I was a resident of Indiana between [two years before date of execution] and [date of
execution] and submit this claim form as a member of the Indiana Settlement Class.

Signature: _____    Date: ___ ___ / ___ ___ / ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check payment for an equal
share of your state's State-Specific Settlement Fund based on the number of valid Claim Forms received and after first
deducting Settlement Administration Expenses, any Fee Award, and any incentive award to the Indiana Settlement Class
Representative, as approved by the Court. This process takes time; please be patient.

**Questions, visit www.tbd.com or call [toll free number]**

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in Indiana and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo") ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business addresses, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you may be included in the Indiana Settlement Class. The Indiana Settlement Class includes all Indiana residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between [two years before date of execution] and the [date of execution of the settlement agreement].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of the $$$ fund that Defendant agreed to create for the Indiana Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www.tbd.com, and submit a Claim Form online. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my options?** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. *All Requests for Exclusion or Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes. The Court appointed lawyers from Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other Indiana Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Carl Florian—a class member like you—to represent the Indiana Settlement Class.

**When will the Court approve the Settlement?** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Indiana Settlement Fund and an incentive award of $1,000 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

---

_____

_____

_____

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

Exhibit J

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

**OUR RECORDS INDICATE SOMEONE SEARCHED YOUR NAME ON ZOOMINFO.COM BETWEEN [TWO YEARS BEFORE EXECUTION] AND [DATE OF EXECUTION]. IF YOU LIVED IN NEVADA, YOU CAN CLAIM A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

**XXX**

---

**CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

**Instructions:** Fill out each section of this form and sign where indicated. If you prefer to receive payment via Venmo or Zelle, you must submit a Claim Form online on the Settlement Website at www.tbd.com. If you submit this paper Claim Form by mail and it is approved, you will receive a check in the mail at the address you provide below.

Name (First, M.I., Last): _____    _____    _____

Street Address: _____

City: _____ State: ____ ____    Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

[ ] By checking this box I affirm that I was a resident of Nevada between [two years before date of execution] and [date of execution] and submit this claim form as a member of the Nevada Settlement Class.

Signature: _____ Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form. If accepted, you will be mailed a check payment for an equal share of your state's State-Specific Settlement Fund based on the number of valid Claim Forms received and after first deducting Settlement Administration Expenses, any Fee Award, and any incentive award to the Nevada Settlement Class Representative, as approved by the Court. This process takes time; please be patient.

**Questions, visit www.tbd.com or call [toll free number]**

This notice is to inform you that a Settlement has been reached in a class action lawsuit between residents in Nevada and certain other states and ZoomInfo Technologies, LLC ("Defendant" or "ZoomInfo") ZoomInfo operates a website, ZoomInfo.com, that provides directory services offering information about people. The lawsuit claims that Defendant violated these states' right of publicity laws when it used individuals' full names, business addresses, work history, job title, and partial business phone number and work email address to advertise or promote subscriptions to ZoomInfo's website. The Settlement resolves claims by individuals who were searched for and had their names displayed in preview pages on ZoomInfo.com. Defendant denies that it violated any law. The Court has not decided who is right or wrong. Please read this notice carefully. Your legal rights are affected whether you act or don't act.

**Who is included in the Settlement Class?** Our records indicate that you may be included in the Nevada Settlement Class. The Nevada Settlement Class includes all Nevada residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between [two years before date of execution] and the [date of execution of the settlement agreement].

**What can I get out of the Settlement?** If you're eligible and the Court approves the Settlement, you can file a claim to receive a cash payment. The payment is estimated to be approximately $$$–$$$ but could be more or less depending on the number of Approved Claims in your state. This amount is an equal share of a $$$ fund that Defendant agreed to create for the Nevada Settlement Class, after any Court-approved payment of Settlement expenses, attorneys' fees, and any incentive award. Separate funds were created for individuals from other states.

**How do I get my payment?** Just complete and return the attached Claim Form by mail, or you can visit the Settlement Website, www.tbd.com, and submit a Claim Form online. By submitting online, you can choose to receive your payment via Venmo, Zelle, or a check. *All Claim Forms must be postmarked or submitted online by [Claims Deadline].*

**What are my options?** You can do nothing, comment on or object to any of the Settlement's terms, or exclude yourself from the Settlement. If you do nothing, you won't get a payment, and you won't be able to sue ZoomInfo in a future lawsuit about the claims addressed in the Settlement. You can also comment on or object to the Settlement if you disagree with any of its terms by writing to the Court. If you exclude yourself, you won't get a payment, but you'll keep your right to sue ZoomInfo regarding the issues the Settlement concerns. Specific instructions about how to object or exclude yourself from the Settlement Class are available at www.[tbd.com]. *All Requests for Exclusion or Objections must be received by [Objection/Exclusion Deadline].*

**Do I have a lawyer?** Yes. The Court appointed lawyers from Edelson PC and Bursor & Fisher, PA as "Class Counsel." They represent you and other Nevada Settlement Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees. The Court chose Francis Lauritzen—a class member like you—to represent the Nevada Settlement Class.

**When will the Court approve the Settlement?** The Court will hold a Final Approval Hearing on [date] at [time] before the Honorable Charles P. Kocoras in Courtroom 1801 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 or via remote means as instructed by the Court. During the hearing, the Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses of up to 35% of the Nevada Settlement Fund and an incentive award of $750 to the Class Representative. The request will be posted on the Settlement Website by [two weeks prior to Objection/Exclusion Deadline].

---

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Ramos, et al. v. ZoomInfo Technologies, LLC
c/o Settlement Administrator
PO Box 0000
City, ST 00000-0000

XXX

Exhibit K

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JOSELYN RAMOS, KAITLIN BROOKS, CARL FLORIAN, and FRANCIS LAURITZEN, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 21-cv-02032 |
| *v.* | Honorable Charles P. Kocoras |
| ZOOMINFO TECHNOLOGIES, LLC, a Delaware corporation, | |
| *Defendant*. | |

**STIPULATION REGARDING UNDERTAKING
RE: ATTORNEYS' FEES, COSTS, AND EXPENSES**

Plaintiffs Joselyn Ramos, Kaitlin Brooks, Carl Florian, and Francis Lauritzen, and

Defendant ZoomInfo Technologies, LLC ("Defendant") (collectively, "the Parties"), by and

through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher, P.A. (the "Firm") desires to give an undertaking (the

"Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses

approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in

service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, as agent for his law firm, hereby submits

his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this

Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the

Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Approval Order or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Approval Order is upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the applicable Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Approval Order.

In the event the Firm fails to repay to Defendant any of attorneys' fees and costs that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile, PDF, or other electronic means shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: __March 25__, 2024          BURSOR & FISHER, P.A.

_____
By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiffs and Class Counsel


DATED: _____, 2024          KIRKLAND & ELLIS, LLP

Martin Roth
Digitally signed by Martin Roth
Date: 2024.03.27 19:33:57 -05'00'
_____
By: Martin L. Roth
Attorney for Defendant ZoomInfo Technologies, LLC