IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSELYN RAMOS, KAITLIN BROOKS, CARL FLORIAN, and FRANCIS LAURITZEN, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case No. 21-cv-02032<br><br>Honorable Charles P. Kocoras |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter coming before the Court on Plaintiffs' Motion for and Memorandum in Support of Final Approval of Class Action Settlement (dkt. 129) and Plaintiffs' Motion for and Memorandum in Support of Attorneys' Fees, Expenses, and Incentive Awards (dkt. 122), the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on November 21, 2024,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Unless otherwise defined, terms and phrases in this Order shall have the same meaning ascribed to them in the Class Action Settlement Agreement, (dkt. 129-1).

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Settlement Class Members.

3. On June 12, 2024, this Court preliminarily approved the Settlement Agreement. (Dkt. 111.)

1

4. For purposes of settlement only and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court certifies the following Settlement Classes as defined in the Settlement Agreement:

> **California Settlement Class:** all California residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between January 9, 2020 and March 27, 2024.
>
> **Illinois Settlement Class:** all Illinois residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between April 15, 2020 and March 27, 2024.
>
> **Indiana Settlement Class:** all Indiana residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between March 27, 2022 and March 27, 2024.
>
> **Nevada Settlement Class:** all Nevada residents whose identity was the subject of a directory preview page published by ZoomInfo and viewed for the first time between March 27, 2022 and March 27, 2024.

Excluded from each of the Settlement Classes are: (1) individuals with directory pages whose only page views were the result of "bot" attacks identified in ZoomInfo's records; (2) any Judge or Magistrate presiding over this action and members of their families, (3) ZoomInfo, ZoomInfo's subsidiaries, successors, predecessors, and any entity in which ZoomInfo has a controlling interest, (4) persons who properly execute and file a timely request for exclusion from the Settlement Classes, and (5) the legal representatives, successors, or assigns of any such excluded persons.

5. The Court now confirms final certification of the Settlement Classes for purposes of entering final judgment.

6. Notice to the Settlement Classes has been provided in accordance with the Court's Order granting Preliminary Approval, and the substance of and dissemination program for the Notice—which included direct notice via email and U.S. Mail, reminder notices, and a digital

publication notice campaign with more than 20 million impressions—provided the best practicable notice under the circumstances. The Notice reached more than 70% the Settlement Classes. (Dkt. 129-2 ¶ 27.) Notice was reasonably calculated to apprise Settlement Class Members of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement, that they would be bound by all orders unless excluded, and the option to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

7. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

8. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of Hon. James F. Holderman (ret.) of JAMS, and is supported by the Class Representatives and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement Agreement.

9. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the

3

Settlement Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, and the positive response of the Settlement Class Members. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to the Settlement Classes is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

10. Only one individual has timely opted out of the California Settlement Class, as reflected in Exhibit S to the declaration of the Settlement Administrator submitted in support of final approval. (Dkt. 129-2 at 73.) No other individual opted out of any other Settlement Class.

11. Only one individual filed a timely objection with respect to the Illinois Settlement Class. (Dkt. 127, the "Patinkin Objection"). No other individuals lodged objections with respect to any other Settlement Class.

12. The Court has considered the papers filed in support of the Patinkin Objection and the arguments Mr. Patinkin advanced at the Final Approval Hearing. The Court overrules Mr. Patinkin's objection in its entirety. Class Counsel (*see* dkt. 129 at 31) and the Defendant (*see* dkt. 134) agree that the claims that Mr. Patinkin raises in his objection are not Released Claims, and that non-party TriNet Group, Inc. is not a Released Party. So does the Court. Mr. Patinkin's objection regarding the scope of the Release is overruled. For the reasons stated in Paragraph 6, *supra*, the Notice program here comported with the requirements of Federal Rule of Civil Procedure 23 and Due Process. Indeed, Mr. Patinkin was made aware of the Action and filed an Approved Claim. His arguments regarding the sufficiency of Notice are thus overruled. Mr.

Patinkin's remaining arguments that (i) payments to the Illinois Settlement Class should be higher, and (ii) attorneys' fees should be lower are underdeveloped and therefore waived. *Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783 (7th Cir. 2014) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

13. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members who have not excluded themselves are bound by the terms and conditions of the Settlement Agreement.

14. Other than as provided in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

15. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice.

16. Upon the Effective Date of the Settlement Agreement, Plaintiffs and each Settlement Class Member each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns, and agents, shall be deemed to have, fully, finally, and forever released, acquitted, relinquished and completely discharged ZoomInfo and each of its respective parents, subsidiaries, predecessors, successors, insurers, reinsurers, assigns, affiliates, attorneys, agents, representatives, employees, directors, shareholders, officers, trustees, and administrators from any and all past and present claims or causes of action, including any right of publicity laws in California, Illinois, Indiana, or Nevada, whether known or unknown, including Unknown Claims, arising from or in connection with any alleged use of an individual's

5

identity, persona, name, image, likeness, or personal information to advertise, promote, or in connection with an offer for sale of any products or services, which are based upon, arising from, or relating in any way to, the factual predicates of the Action or the Additional Litigation.

17. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of any Injunction Settlement Class Members.

18. The Court awards to Class Counsel a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with the Action, in the total amount of $9,987,828.77. This amount shall be paid proportionally from the State-Specific Settlement Funds pursuant to the terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Settlement Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here, which equates to 35% of each State-Specific Settlement Fund, after the amount paid for Settlement Administration Expenses and the incentive awards, is in line with fee awards provided in similar statutory privacy cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Classes.

19. The Court awards the following incentive awards to the Class Representatives as follows: $750.00 to Plaintiff Kaitlin Brooks as the California Settlement Class Representative;

6

$1,000.00 to Plaintiff Joselyn Ramos as the Illinois Settlement Class Representative; $ 1,000.00 to Plaintiff Carl Florian as the Indiana Settlement Class Representative; and $750.00 to Plaintiff Francis Lauritzen as the Nevada Settlement Class Representative. These amounts shall be paid pursuant to the terms in the Settlement Agreement.

20. The Court approves the payment of all reasonable Settlement Administration Expenses to the Settlement Administrator.

21. To the extent that any check issued to a Settlement Class Member pursuant to the Settlement Agreement is not cashed within one hundred and eighty (180) days of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such residual funds shall revert to the Settlement Fund to be distributed *pro rata* to Settlement Class Members with Approved Claims if practicable. If redistribution is not feasible or if residual funds remain in any Settlement Fund after redistribution, Class Counsel shall file a motion with the Court proposing an appropriate distribution of any residual funds.

22. Without affecting the finality of this Final Approval Order for purposes of appeal, the Parties agree that they will submit to the jurisdiction this Court as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order.

IT IS SO ORDERED, this 21st day of November 2024.

*Charles P. Kocoras*
HON. CHARLES P. KOCORAS
UNITED STATES DISTRICT COURT